

**Dated: May 3, 2017**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                        )
                                              )
DAVID A. STEWART and                          )        Case No. 15-12215-JDL
TERRY P. STEWART,                             )        Ch. 7
                                              )        **Jointly Administered**
                    Debtors.                  )
                                              )
SE PROPERTY HOLDINGS, LLC,                    )
                                              )
                    Plaintiff,                )
v.                                            )        ADV No. 16-1117-JDL
                                              )
DAVID A. STEWART, TERRY P.                    )
STEWART, et al.,                             )
                                              )
                    Defendants,               )
                                              )
KIRKPATRICK BANK,                             )
                                              )
                    Intervenor.               )

**MEMORANDUM OPINION AND ORDER GRANTING MOTION TO DISMISS**

I. **Introduction**

This matter comes on for consideration upon the *Motion to Dismiss and Brief in*

*Support* filed by Intervenor, Kirkpatrick Bank ("Kirkpatrick"), on January 29, 2017 (the

"*Motion*") [Doc. 104], the *Response to Motion to Dismiss and Brief in Support* filed by SE Property Holdings, LLC ("SEPH") on February 13, 2017 ("*Response*") [Doc. 118], the *Reply* filed by Kirkpatrick on March 5, 2017 (the "*Reply*") [Doc. 130], and SEPH's *Sur-Reply Brief Addressing Article III Jurisdiction Issue* filed April 13, 2017 [Doc. 140].

David A. Stewart and Terry P. Stewart (individually and collectively referred to as the "Stewarts") are the debtors in these related cases which are jointly administered.  By this adversary proceeding SEPH seeks to add nine (9) non-debtor entities (the "Non-Debtors") to the cases relying upon the theory of substantive consolidation.  These are nine (9) entities in which Stewart acts in a managerial capacity, holds, or at one time held, an interest, or in the case of a Trust held an interest in the trust res.[1]  By its *Motion*, Kirkpatrick argues that the Complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim because substantive consolidation is not an appropriate cause of action against non-debtor entities.  Kirkpatrick contends that (1) the Court cannot invoke its equitable powers under 11 U.S.C. § 105 to establish jurisdiction over a non-debtor entity not in bankruptcy, (2) SEPH as a non-creditor of the Non-Debtors does not have standing to force their assets into Stewarts' bankruptcy estate and (3) SEPH's failure to join indispensable parties, i.e. creditors of the Non-Debtors, constitutes a denial of due process to such creditors compelling dismissal.[2]

---

[1] The Non-Debtors are Raven Resources, LLC, Oklamiss Investments, LLC, NOG, LLC, OOG, LLC, NBV, LLC, Shimmering Sands Development Co., LLC, Leading Edges, LLC, Hughes Oil and Gas, LLC, and the Red Britt Irrevocable Trust. Leading Edges, LLC has since been terminated as a defendant.

[2] SEPH' s Complaint also seeks injunctive relief against the Stewarts and the Non-Debtors prohibiting the transfer or encumbrance of properties owned by the Non–Debtors.  If the Court determines that the Complaint fails to state a claim upon which relief can be granted the injunctive relief sought will also fail.

In response to Kirkpatrick's Motion, SEPH contends that (1) substantive consolidation is within the equitable powers of the court under §105[3] where the assets of management of the Non-Debtors are so intermingled that the Non–Debtors are to be regarded as the alter ego of the Stewarts, (2) that an individual creditor, not only the Chapter 7 trustee, has standing to bring the Non–Debtors before the Court to effectuate a consolidation, (3) that Oklahoma law providing for a "charging order" to recover the interest of a limited liability company member does not prohibit a creditor's remedy of substantive consolidation for the "pooling" of the assets of the alleged alter ego entity and (4) at this early stage of the adversary proceeding creditors of the Non-Debtors are not indispensable parties requiring dismissal of the case.   Pursuant to Federal Rule of Bankruptcy Procedure 7052, the Court makes the following findings of fact and conclusions of law which support its determination that Kirkpatrick's Motion should be granted.

## II. Jurisdiction

The Court has jurisdiction over this proceeding under 28 U.S.C. §§ 157 (a) and 1334 (b).  This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) and (O).  The jurisdiction of the bankruptcy courts as set forth in 28 U.S.C. § 1334, which provides, in pertinent part, that "the district courts shall have original jurisdiction but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11".  28 U.S.C. § 1334(b).  Title 28 U.S.C. § 157(b) provides that "[b]ankruptcy judges may hear and determine all cases arising under title 11 and all core proceedings arising under title

---

[3]All further referenced to "Code", "Section", and "§" are to the Bankruptcy Code, title 11 of the United States Code, unless otherwise indicated.  All future references to "Bankruptcy Rule" or "Bankruptcy Rules" are to the Federal Rules of Bankrutpcy Procedure, unless otherwise indicated.

11, or arising in a case under title 11, referred under subsection (a) of this section, and may enter appropriate orders and judgments, subject to review under section 158 of this title." Venue of this adversary proceeding in this district is proper under 28 U.S.C. §1409(a).

In both its *Reply to Response* [Doc. 130] and *Response to Motion of SEPH to File Sur-Reply* [Doc. 133] Kirkpatrick has challenged the Article III jurisdiction of this Court to enter a final order on substantive consolidation under *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011). Whether the bankruptcy court should exercise its discretion under § 105(a) to permit substantive consolidation is an open question, but such exercise does not invoke Article III/*Stern v. Marshall* implications.

This action is not based upon state law carrying a right to a jury trial, but is simply a creation of bankruptcy law. *In re Owner Management Service, LLC Trustee Corps,* 530 B.R. 711, 721-722 (Bankr. C.D. Cal. 2015) (Substantive consolidation was not affected by *Stern* and remains a core proceeding that can be adjudicated by a bankruptcy judge . . .. Substantive consolidation does not exist outside the context of a bankruptcy proceeding.); *In re Petters Co., Inc.*, 550 B.R. 438, 447, n. 18 (Bankr. D. Minn. 2016) "[Substantive Consolidation] was created and developed entirely on considerations of equity; it is applied only in bankruptcy cases; and it is used exclusively to support the administrative function of bankruptcy . . .. Hence, the absurdity of the notion that a motion for substantive consolidation is a '*Stern* proceeding' not subject to final disposition of the order of a bankruptcy judge absent consent of the parties."); *In re Gladstone*, 513 B.R. 149, 158 (Bankr. S.D. Fla. 2014). This Court has jurisdiction to hear and enter a final order in this case.

4

### III.  Background[4]

On September 30, 2014 (the "Petition Date"), SEPH filed Involuntary Petitions for Relief under Chapter 7 of the Bankruptcy Code against the Stewarts in the United States Bankruptcy Court for the Southern District of Alabama.  On March 18, 2015, the Alabama Bankruptcy Court entered orders for relief under Chapter 7 of the Bankruptcy Code.  On June 12, 2015, the Alabama Bankruptcy Court granted the Stewarts' motion to transfer the bankruptcy cases to this court. On July 21, 2015, the Stewart cases were jointly administratively, but not substantively, consolidated by this Court.

In a matter related to the present Motion before the Court, on November 3, 2015, the Stewarts filed their Motion for Order Directing Trustee to Abandon Personal Property by which they sought to have the trustee abandon all of the Stewarts' units or membership interests of all types now owned or hereafter acquired in three (3) of the Non-Debtor entities involved in the present motion, namely: Raven Resources, LLC, an Oklahoma LLC; Oklamiss Investments, LLC, and Shimmering Sands Development Company, LLC.  The Stewarts asserted that both of them, David and Terry, each hold a 1% interest in Oklamiss Investments, LLC, which in turn owns a 99% interest in Raven Resources, LLC.  Mr. Stewart owns a 1% interest in Raven Resources, LLC, and a 50% interest in Shimmering Sands Development Company, LLC.  The Stewarts acknowledged that one or both of them had conveyed their respective interests in Oklamiss Investments, LLC, to their three adult

---

[4] The following background recites a brief history of the lead bankruptcy case and adversary proceedings brought by SEPH and the Trustee insofar as it involves some of the Non-Debtor entities and their relationship to the Debtors.  The adversaries and contested matters provide context for SEPH's Complaint for Substantive Consolidation presently before the Court.  The Court does not wish to get lost "in the weeds" in reciting a lengthy background; however, the Court believes the background is important in understanding what brings the parties to this point.

children by assignment dated in October 2011, nearly 3 years before the filing of the Involuntary Bankruptcy Petition by SEPH.  The Stewarts also alleged that notwithstanding their lack, or de minimis, ownership of those Non-Debtors, those entities were subject to such debt that there was no equity in the Non-Debtor entities. Therefore, the Stewarts argued  that any interest they held was of such inconsequential value or burdensome to the estate that it should be abandoned.

The Chapter 7 Trustee and SEPH objected to Stewarts' Motion to Order the Trustee to Abandon Property [Doc. 220].  The Trustee's position was that the Stewarts' disposition of their interests in the numerous limited liability companies and corporations were extremely complicated (pointing out that initial discovery had produced over 16,000 pages of documents), the transfers of the Stewarts' interests raised serious questions as to whether the same constituted avoidable fraudulent transfers and that the Trustee had not had sufficient time to properly evaluate the nature of the Stewarts' interests in the Non-Debtor entities.  The Trustee therefore requested that the Stewarts' Motion to Abandon be denied.  Similarly, SEPH objected to the Motion to Abandon on several grounds including that the Trustee be afforded a reasonable time to consider abandonment; that the abandonment sought by the Stewarts would prevent the estate from recovering fraudulent transfers under §§ 544 and 548 in the event the Trustee or SEPH eventually conclude there were grounds for bringing such an action. [Doc. 221].

After conducting an evidentiary hearing on Stewarts' Motion to Order the Trustee to Abandon, which lasted four days, comprised 814 pages of transcript, included the testimony of five witnesses and allowed into evidence sixty-seven exhibits [Docs. 268 and 270],  the Court entered its findings of fact and conclusions of law supporting its Order

6

Denying Debtor's Motion for Order Directing Trustee to Abandon Personal Property on the grounds that the Stewarts had not brought forth sufficient evidence to establish that the membership interest in the various LLC's in question were burdensome to the estate precluding abandonment at this time and for the further reason to allow further investigation by the Trustee of Stewarts' affairs with regard to numerous transactions and entities, including the Non-Debtors. [Doc's. 353 and 328].  On January 5, 2016, the Trustee filed an adversary Complaint against the Stewarts, their three children, and Non-Debtors, Oklamiss Investments, LLC, Raven Resources, LLC, the Red Britt Irrevocable Trust, and NOG, LLC,[5] alleging claims of fraudulent transfers under § 548 as well as under the Oklahoma Fraudulent Transfers Act.

On December 27, 2016, the Trustee filed his Amended Complaint (I) to Avoid and Recover Fraudulent Transfers, (II) for Declaratory Judgment and (III) for Injunctive Relief. The Amended Complaint named as defendants the Stewarts, their three children, David Stewart's mother, Oklamiss Investments, LLC, Raven Resources, LLC, the Red Britt Irrevocable Trust, and NOG, LLC.  The Trustee alleged that the Stewarts had each owned 50% of Oklamiss from the time of its establishment in 1999.  The Trustee further alleged that the Stewarts' financial statements prepared in May 2011 reported that Oklamiss owned real estate worth more than $4.2 million, Raven Resources had a value of $20 million and that the Stewarts had a net worth of nearly $20 million.  On October 31, 2011, the Stewarts conveyed 98% of their membership interest in Oklamiss to their three children receiving no value in exchange for the membership interests.   These transfers were

---

[5] *Gould, Plaintiff v. David A. Stewart et. al, Defendants*, Adv. #16-01002-JDL.

accomplished at a time when the Stewarts were indebted to SEPH for approximately $19 million.  The Trustee asserted that notwithstanding the alleged transfer of their interest to the children, the Schedule K-1 to both their 2012 and 2013 income tax returns did not reflect a transfer of their interests to their children so that the Stewarts could personally claim losses related to Oklamiss in excess of $2 million for taxable year 2012 and $330,000 for year 2013.  The Trustee further alleged that David Stewart, acting as manager for Raven Resources, LLC transferred interests in multiple oil and gas properties owned by that entity as well as to other entities formed by him, namely NOG, LLC, and OOG, LLC, to the Red Britt Irrevocable Trust on the same date that the trust was formed, July 23, 2014, with David Stewart's mother as the trustee.  The Trustee detailed several payments to the Red Britt Irrevocable Trust, the consideration for which was in question. Later, after the Petition Date, Stewart acting as the manager of NOG, LLC,  transferred certain oil and gas interests to Native Oil and Gas, another entity managed by him.

These assignments to the Non-Debtors and numerous other transactions were alleged by the Trustee to constitute voidable fraudulent transfers (1)  made with the actual fraudulent intent to hinder, delay or defraud then-existing and future creditors under § 548(a)(1)(A); (2) were constructively fraudulent as having been made for less than reasonably equivalent value in a time when the Stewarts were insolvent or believed that they would incur debts beyond their ability to pay under § 548(a)(1)(B) and (3) constituted fraudulent transfers under the Oklahoma Uniform Fraudulent Transfers Act, 24 O.S. §116 et. seq., and § 544(b).  The Stewarts have answered the Trustee's Complaint, and discovery is proceeding.

### IV. SEPH's Complaint for Substantive Consolidation

This brings us to SEPH 's *Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. § 105* (the "Complaint") [Doc. 1].  Rather than seeking the remedy of setting aside pre-petition transfers to the Non–Debtors as fraudulent transfers as sought by the Trustee in his adversary or by forcing the Non–Debtors into involuntary bankruptcy proceedings pursuant to § 303, the Complaint seeks to consolidate the Non-Debtors into the bankruptcy estate of the Stewarts on the basis that the Stewarts have treated the Non-Debtors as their alter ego to the detriment of their creditors.[6]  As will be discussed in greater detail below, since a motion to dismiss is judged on the well-pled allegations of a complaint being accepted as true, the substantive allegations of SEPH's Complaint need be examined.  What SEPH states in its Response as being the factual allegations precluding the Complaint[7] from being subject to dismissal are:

    A.    The Stewart Entities have been operated as a single enterprise, such as by relying on employees and accountants ostensibly hired by Raven to do work for all of the other Stewart Entities; and sharing office space. (¶ ¶ 28-33);

    B.    The Stewart Entities are controlled by Debtor David A. Stewart, as he is the de facto manager of each Stewart Entity (¶ 27);

    C.    The financial affairs of the Stewart Entities are hopelessly intermingled, as cash from one entity

---

[6] As noted above, only Intervenor Kirkpatrick Bank has filed a motion to dismiss SEPH's Complaint.  The Stewarts and the named defendant Non-Debtors have answered the Complaint.  The Trustee apparently does not oppose substantive consolidation even though granting substantive consolidation would render the Trustee's fraudulent conveyance adversary proceeding moot as all assets of the Non–Debtors would be brought into the Stewarts' bankruptcy case.

[7] [Response, Doc. 118, pg.7]

would be used to fund obligations of another if one did not have sufficient funds, and the Stewart Entities never: (1) paid any of these loans back; (2) notified creditors of inter-company transfers; or (3) recorded any of these inter-company transfers in any sort of document (¶ ¶ 34-42);

D.    Debtors used the Stewart Entities as their personal piggy banks (¶ ¶ 45-48);

E.    Some of the Stewart Entities, such as the Red Britt Trust, were created as part of a scheme to defraud creditors (¶ ¶ 58-73; 74-77); and

F.    Substantive consolidation will benefit all of the estates' creditors due to the existence of post-petition transfers of unencumbered property and continued fraudulent behavior in relation to creditors, such as the above-described abuse of the corporate form to place assets out of the creditor's reach. (¶ ¶ 78-91; 95-96.)

The question before the Court is do these allegations, accepted as true, state a claim for relief so as to survive an attack by a motion to dismiss under Fed. R. Civ. P. 12(b)(6)?

## V. Standing

Kirkpatrick asserts that SEPH, as an individual creditor of the Stewarts but not a creditor of the Non-Debtors, does not have standing to bring this action for substantive consolidation. The primary rationale for not permitting an individual creditor to bring an action for substantive consolidation is that such an action may interfere with the prerogative of the bankruptcy trustee to pursue such an action in the interest of all creditors. Here, there is no danger of the Court usurping the trustee's discretion as it appears evident that the trustee has no intention of pursuing such a claim; rather, the trustee has elected to pursue a similar, but separate remedy, of recovering alleged fraudulent transfers by way

of his own adversary proceeding.  In effect, the trustee's adversary action to recover fraudulent transfers is in some ways a more narrowly drawn alternative means to bring assets back into the Debtor estates as opposed to the draconian remedy of substantive consolidation.

While there are decisions going both ways on the issue of whether an individual creditor has standing to bring an action for substantive consolidation, the Court finds that the majority view, supported by the rationale of non-interference with the trustee's prerogatives present here, supports the finding that SEPH has standing to pursue this action.  See e.g., *In re United Stairs Corp,* 176 B.R. 359, 367 (Bank. N. J. 1995) ("[Where alter egos are sought to be consolidated with the debtor sufficient reason exists to allow [the individual creditor] to act in lieu of the trustee."); *In re Bonham*, 226 B.R. 56, 83-89 (Bank. AK. 1998), *aff'd*, 229 F.3d 750 (9th Cir. 2000); *In re Stone & Webster, Inc.*, 286 B.R. 532 (Bank. Del. 2002) (granting consolidation motion filed by Official Committee of Equity Security Holders); *In re New Center Hospital,* 187 B.R. 560 (E.D. Mich.1995) (granting nunc pro tunc consolidation on creditor's motion); *In re Baker & Getty Financial Services, Inc.*, 78 B.R. 139 (Bank. N.D. Ohio 1987); *In re Crabtree*, 39 B.R. 718 (Bank. E.D. Tenn. 1984); (granting creditor's motion for substantive consolidation); *In re Lahijani*, 2005 WL 4658490 (Bank. C.D. Cal. 2005); Contra, *In re Cyberco Holdings, Inc.*, 431 B.R. 404 (Bankr. W.D. Mich. 2010); *Doctor's Hospital of Hyde Park*, *Inc*., 308 B.R. 311 (Bankr. N.D. Ill. 2004); *Spring Service Texas, Inc. v. McConnell (In re McConnell)*, 122 B.R. 41 (Bankr. S.D. Texas 1989).

## VI. The Standard for a Motion to Dismiss.

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of plaintiff's "failure to state a claim upon which relief can be granted".  The Court must evaluate the motion to dismiss to determine whether the complaint alleges sufficient facts supporting all the elements necessary to establish an entitlement to relief under the claims raised.  *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010); *Barenburg v. Burton* (*In re Burton*), 463 B.R. 142 (10th Cir. BAP 2010).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face".  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949, 173 L.Ed. 868 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570, 127 S.Ct. 1955, 167 L.Ed. 929 (2007).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory.  Bare legal conclusions and simple recitations of the elements of a cause of action do not satisfy this standard.  *Twombly*, 550 U.S. at 555.  As the Tenth Circuit has stated:

> "To survive dismissal under Rule 12(b)(6) for failure to state a claim, plaintiffs must "nudge their claims across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). While factual assertions are taken as true, legal conclusions are not. A plaintiff is "not required to set forth a *prima facie* case for each element, [but] is required to set forth plausible claims." *Khalik*, 671 F.3d at 1193.  "A claim has facial plausibility when the [pleaded] factual content ... allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)."

12

*Cook v. Baca*, 512 Fed.Appx. 810, 821 (10th Cir. 2013); See also, *Lamar v. Boyd,* 508 Fed. Appx. 711 (10th Cir. 2013).

The Tenth Circuit has interpreted the "plausibility" requirement to mean "that if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible". *Robbins v. State of Oklahoma, ex rel., Department of Human Services*, 519 F.3d 1242, 1247 (10th Cir. 2008). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief". *Id*. It is well recognized that "granting a motion to dismiss is a harsh remedy and must be cautiously studied, not only to effectuate the spirit of the liberal rules of pleadings but also to protect the interests of justice". *Dias v. City and County of Denver*, 567 F.3d 1169, 1178 (10th Cir. 2009). The courts have the authority to "fully resolve any purely legal question" on the motion to dismiss and consequently, there is no "inherent barrier to reach the merits [claim] at the Rule 12(b)(6) stage." *Marshall County Health Care Authority v. Shalala*, 988 F.2d 1221, 1226 (D.C. Cir. 1993).

In determining whether this case should be dismissed the Court must address two separate issues. The threshold issue is whether the Court has the authority to substantively consolidate a debtor and a non-debtor entity. If the answer to this question is no, then the Court need not proceed any further in its analysis and the Complaint must be dismissed. On the other hand, if the Court does recognize such an action, then it must determine whether the Complaint pleads facts which could plausibly sustain this cause of action.

## VII.  Substantive Consolidation

There are no provisions in the Bankruptcy Code that specifically authorize the bankruptcy court to approve substantive consolidation of separate entities into a single bankruptcy case.[8]  Because the doctrine of substantive consolidation is based strictly on equity, there are no statutorily prescribed standards.  Instead, judicially developed standards control whether substantive consolidation should be granted in any given case. [Vol. 2] *Collier on Bankruptcy* ¶ 105.09 [2] [Alan N. Resnick & Henry J Sommer 16th Ed. 2015].

There is a split of authority as to whether a bankruptcy court has the authority to substantively consolidate *non-debtors* assets and liabilities into a bankruptcy debtor's estate.  The majority of circuits, including the Tenth Circuit, recognize that bankruptcy courts have the authority to substantively consolidate bankruptcy cases pursuant to their general equitable powers.  *Fish v. East*, 114 F.2d 177 (10th Cir.1940) (analyzing substantive consolidation under the Act);  *Federal Deposit Insurance Corp. v. Hogan (In re Gulfco Investments Corp.*), 593 F.2d 921, 928 (10th Cir. 1979) (Substantive consolidation of two corporate entities is appropriate "where a corporation is a mere instrumentality or alter ego of the bankrupt corporation with no independent existence of its own.").  The most commonly cited case on substantive consolidation in the Tenth Circuit, and elsewhere, is that of the Third Circuit in *In re Owens Corning*, 419 F.3d 195, 211-212 (3rd Cir. 2005). There, the Third Circuit stated its test as follows:

---

[8] The exception, not applicable here, is that in a joint case involving a debtor and the debtor's spouse, the Bankruptcy Code provides that "the court shall determine the extent, if any, to which the debtors estates shall be consolidated." 11 U.S.C. § 302(b).

In our Court what must be proven (absent consent) concerning the entities for whom substantive consolidation is sought is that (i) prepetition they disregarded separateness so significantly their creditors relied on the breakdown of entity borders and treated them as one legal entity, or (ii) postpetition their assets and liabilities are so scrambled that separating them is prohibitive and hurts all creditors.

****

A prima facie case for [substantive consolidation] typically exists when, based on the parties prepetition dealings, a proponent proves corporate disregard creating contractual expectations of creditors that they were dealing with debtors as one indistinguishable entity . . .. Proponents who are creditors must also show that, in their prepetition course of dealing, they actually and reasonably relied on debtors' supposed unity. Creditor opponents of consolidation can nonetheless defeat a *prima facie* showing under the first rationale if they can prove that they are adversely affected and actually relied on debtor's separate existence.

****

***[B]ecause substantive consolidation is extreme (it may affect profoundly creditors' rights and recoveries) and imprecise, this "rough justice" remedy should be rare and, in any event, one of last resort after considering and rejecting other remedies (for example, the possibility of more precise remedies conferred by the Bankruptcy Code).

The other landmark case relied upon by most courts is *In re Auto-Train Corp. Inc.,* 810 F.2d 270, 276 (D.C. Cir. 1987), which enunciated a three-part test requiring that (1) the proponent show a substantial identity between the entities, (2) consolidation is necessary to avoid some harm or to realize some benefit, and (3) that if a creditor objects on the grounds that it relied on the separate credit of one of the entities to its prejudice consolidation may be ordered only if the benefits heavily outweigh the harm. See *In re*

15

*Schupbach Investments, LLC*, 2012 WL 3564159 (Bank. D. Kan. 2012) (relying, in part, on *In re Auto-Train Corp*.).

Recently, a bankruptcy court in the Tenth Circuit in *Castle Arch Real Estate Investments Co.,LLC,* 2013 WL 492369 (Bank. D. Utah 2013), summarized the law as follows:

> "The *Gulfco/Fish* criteria can be reduced into two general components: (1) the extent to which the entity to be substantively consolidated was managed or controlled by the debtor, and (2) whether the entity to be substantively consolidated had an economic existence independent from the Debtor. (citing In re *Horsley*, 2001 WL 1682013 *4 (Bank. Utah 2001).
>
> Finally, as recognized by numerous courts, the degree of difficulty and expense involved with segregating and ascertaining individual assets and liabilities of each of the entities is particularly relevant. (citing *Horsley*). Thus, substantive consolidation is proper where the assets of the entities in question are "hopelessly co-mingled," (citing *Gulfco*) or where difficult accounting problems caused by inter-company debt are "so strong that the great expense (in order to bring about an unscrambling) threaten[s] recovery.

It is imperative to remember, however, that substantive consolidation is not totally dependent upon an alter ego theory where the debtor has intermingled control and assets of non-debtors. The overriding equitable consideration is that consolidation will *benefit all creditors*, both those of the current debtors and those to be forcibly made debtors. As stated in *In re Circle Land & Cattle Corp*, 213 B.R. 870, 875 - 876 (Bank. D. Kan. 1997):

> Under these equitable guidelines stressing the impact of consolidation on the creditors of both entities, the remedy of substantive consolidation is sparingly granted. One commentator has said, in the context of two debtors in bankruptcy, "Better, we think, to ask are any creditors going to be hurt by this consolidation and, if the answer to that is yes

16

(or more properly, if the one seeking consolidation cannot prove the opposite), consolidation should be denied in almost every case.  3 David G. Epstein et al., *Bankruptcy* §11-41 at 190 (Ed. 1992).

Similarly, as summarized in *Collier on Bankruptcy* ¶105.09 [1][d]:

In general, courts have adopted the view that "[t]he power to consolidate should be used sparingly" because of the potential harm to creditors of substantive consolidation.  (citing *In re Owens Corning*, 419 F.3d 195, 205-06 (3rd Cir. 2005); see *In re Augie/Restivo Baking Co. Ltd.*, 860 F.2d 515, 518 (2nd Cir. 1988) (other citations).  Because this area of the law is based strictly on equitable principles without a statutory basis, it will continue to evolve.  In this area, however, the potential harm to innocent creditors on which the prior court's admonition was based should continue to give the courts pause before expanding the doctrine, despite the "modern" trend in some jurisdictions.

In those courts which allow substantive consolidation of non-debtors the analysis allowing the same is highly fact-specific and on a case-by-case basis.  See e.g. *FDIC v. Colonial Realty Co.*, 966 F.2d 57 (2d Cir. 1992); *In re Crown Machinery & Welding, Inc.*, 100 B.R. 25, 27- 28 (Bank. D. Mont 1989); *Central Claims Services, Inc. v. Eagle-Picher Industries, Inc.* (*In re Eagle-Picher Industries, Inc.*), 192 B.R. 903, 905 (Bank. S.D. Ohio 1996) ("[B]ecause the cases turn so much on their individual facts, we find that the lists presented by the several courts in their decisions, of factors which must be present in order to determine the issue of substantive consolidation, are of limited use").

The Court agrees with the majority of authorities that under very limited circumstances it has the discretion, to be exercised sparingly, to substantively consolidate a debtor's estate with non-debtors, thus resolving the threshold issue presented to the Court as to its authority.  However, whether substantive consolidation would be appropriate

under the specific facts of this case is not the issue currently before the Court.  The narrowly drawn issue is whether SEPH has *alleged sufficient facts* to support substantive consolidation.  The Court has no doubt that the Complaint has alleged sufficient facts, if believed, as to the alter ego or piercing-of-the-veil elements required for establishing the lack of separateness between entities so as to state a claim for substantive consolidation.  This is at least true with allegations made as to the dealings between David Stewart, on the one hand, and Raven Resources, LLC, Oklamiss Investments, LLC and the Red Britt Irrevocable Trust, on the other hand.

Once the movant, here SEPH, has stated facts sufficient to have the Court disregard the separateness of the entities, the decisional focus shifts to the additional equitable consideration of the effect of the consolidation on the general unsecured creditors of all the entities involved.  As above authorities make clear, the movant for consolidation must allege equitable grounds exist for consolidation to the benefit of *all* creditors, and that the benefits of consolidation outweigh any resulting harm to general creditors of the entities.  "The remedy of substantive consolidation is appropriate...when it has been shown that the possibility of economic prejudice which would result with continuing corporate separateness outweighed the minimal prejudice that substantive consolidation might cause."  *In re Murray Industries*, *Inc.,* 119 B.R. 820, 829 (Bank. M. D. Fla. 1990).

Although the focus of substantive consolidation should be on its effect on the general creditors of all the named defendant entities, SEPH's Complaint's allegations leave the existence of such creditors a mystery.  Apparently, SEPH did not notify the unsecured creditors of any of the Non-Debtors of its suit to consolidate.  At the very least, SEPH did

18

not name any creditor of the Non–Debtors as a party defendant so that it might protect its interest.  Kirkpatrick who is a creditor of Raven Resources, LLC to the extent of approximately $12 million "only learned of this lawsuit by luck by being served a subpoena by SEPH on or about December 9, 2016." [Doc. 104, pg. 5].  Only by such "luck" it learned that SEPH was attempting to drag its debtor Raven Resources, LLC into, in effect, an involuntary bankruptcy even though SEPH is not and never has been a creditor of Raven Resources, LLC or Oklamiss Investments, LLC.

The effect of substantive consolidation would be to treat all of the legal entities as if they were a consolidated entity by pooling all of the entities' assets and liabilities and satisfying each entities' liabilities from the common pool of assets.  *In re Owens Corning*, 419 F.3d at 205.   In effect, the consolidation would result in treating all of the entities as if the liabilities were owed by, and the assets held by, a single legal entity.  "Consolidation restructures the rights of creditors and may dilute some creditors' recovery." *Id*.  It is obvious that any recovery by Kirkpatrick (along with any other creditor of Raven Resources, LLC) would certainly be diluted if the assets of Raven Resources, LLC were "force pooled" by substantive consolidation to help pay the approximate $20 million debt the Stewarts owe SEPH.  This major equitable consideration is not even addressed in the Complaint.  As stated in *Helena Chemical Company v. Circle Land and Cattle Corporation (In re Circle Land and Cattle Corporation)*, 213 B.R. 870, 876 (Bank. D. Kan. 1997) in granting a motion to dismiss a complaint for substantive consolidation:

> The complaint also fails to allege the other equitable grounds
> for consolidation. There is no allegation that the general
> creditors of either corporation dealt with the entities as a single
> economic unit. There is no charge that consolidation is

> necessary to avoid any particular harm to or to realize any particular benefit for the general creditors of either corporation. In fact, the complaint gives no reason at all for ordering the consolidation to benefit such creditors. Absent such allegations of benefit for or harm to general creditors of both corporations, (Plaintiff) cannot be said to have stated a claim upon which relief can be granted.

See also, *In re Archdiocese of St. Paul and Minneapolis*, 553 B.R. 693 (Bank. D. Minn. 2016) (since "substantive consolidation is purely an equitable remedy, a court should not employ it when it would benefit one set of creditors at the expense of another unless the proponent can advance some equitable reason for such a redistribution", quoting *In re Huntco Inc.*, 302 B.R. 35 (Bankr.E.D. Mo.2003); the court granted motion to dismiss creditors' committee motion seeking substantive consolidation "where facts alleged in the motion did not show how the benefit of consolidation outweighs the harm to certain creditors.").

In its *Response*, SEPH points out the allegations in its Complaint assert that substantive consolidation "will benefit all of the estates' creditors":

> F. Substantive consolidation will benefit all of the estates' creditors due to the existence of post-petition transfers of unencumbered property and continued fraudulent behavior in relation to creditors such as the above-described abuse of the corporate form to place assets out of the creditors' reach. (¶ ¶ 78-91; 95-96.)

[*Response*, Doc. 118,pgs. 3-4]. These conclusory allegations fail to state *why or how the creditors of the Non–Debtors* are benefitted or harmed by post-petition transfers. Implicit in SEPH's allegation is the assumption that what's good for SEPH is good for all the creditors of the Non-Debtors. That is a bridge too far. It is not alleged who the affected creditors are, whether they are also creditors of the Stewarts or the other Non-Debtors,

whether the Non-Debtor creditors had any objection, consented or would consent to their debtors' post-petition transfers about which SEPH complains or even if any of the other creditors had been made aware of SEPH filing this adversary. If consolidation were truly a benefit to all or most of the creditors of both the Stewarts and the Non-Debtors, the Court would expect at least some of them to support SEPH's position. None have. Kirkpatrick, a $12 million creditor, actively opposes it. Nor is it alleged that in SEPH's pre-petition course of dealing it actually and reasonably relied upon the debtor's supposedly unity, i.e. that when dealing with the Stewarts it believed it was dealing with them and the Non-Debtors as one indistinguishable entity. *In re Owens Corning*, 419 F.3d at 212. It is clear to the Court that Seph has failed to allege sufficient facts to support an action for substantive consolidation.

### VIII. The Notice Issue

In its Motion, Kirkpatrick contends that in an action for substantive consolidation the creditors of the Non-Debtors and the individual member owners of the Non-Debtors are "indispensable parties" under Fed. R. Bank. P. 7019, and SEPH's failure to join such parties as defendants compels dismissal of the Complaint.

"Courts have stated that, at a minimum, due to the nature of substantive consolidation of debtor and non-debtor entities, notice must be provided to all creditors, and such creditors must have an opportunity to be heard." *In re S & G Fin. Servs. of South Florida, Inc.*, 451 B.R. 573, 585 (Bank. S.D. Fla. 2011); *In re Auto-Train Corp.*, 810 F2d. at 279; *United States v. AAPC, Inc. (In re AAPC, Inc.)*, 277 B.R. 785, 789-90 (Bank. D. Utah 2002); *Morse Operations, Inc. v. Robins Le-Cocq., Inc. (In re Lease-A-Fleet, Inc.)*,

141 B.R. 869, 873 (Bank. E.D. Pa. 1992); *In re Clearview Builders, Inc.,* 405 B.R. 144 (Bank. E. D. Pa. 2009) ("Substantive consolidation is such an extreme remedy impacting both party and creditor alike that can only be preceded by such specificity and notice as to guarantee the due process right to be heard of all parties in interest.").  With respect to substantive consolidation hearings, "the notice must be given in such a manner that it is likely to reach its intended audience.  Second, the content of the notice must reasonably inform the recipient of the nature of the upcoming proceeding."  *In re S & G Financial Services of South Florida, Inc.*, 451 B.R. at 585 (quoting *Auto-Train*, 810 F.2d at 278).

Due process is a flexible concept, and "[o]nce it is determined that due process applies, the question remains what due process is due".  *Morrissey v. Brewer*, 408 U.S. 471, 481, 92 S.Ct.  2593 (1972); *Kirkland  v. St. Vrain Valley School District No. RE-1J*, 464 F.3d 1182 ,1192 (10th Cir. 2006) ("It is by now well established that due process, unlike some legal rules, is not a technical conception with a fixed content unrelated to time, place and circumstance.); *Gilbert v. Homar*, 520 U.S. 924, 930, 117 S.Ct.1807 (1997).  Rather, it is 'flexible and calls for such procedural protections as the particular situation demands.' *Morrissey,* 408 U.S. at 481.

Thus, it may well be that all the owners and creditors of the Non–Debtors need not be named as party defendants for this action to go forward so long as they are afforded due process by receiving *some type of notice* of SEPH's intended action to place the Non-Debtors in bankruptcy.  Indeed, naming such creditors and owners as defendants may unnecessarily impose upon them legal expense, unwanted publicity or other financial hardship.  The Court is not yet at the point where it must decide either the merits of the

22

substantive consolidation claim or the nature of the notice and to whom it is to be given. The Court is only deciding whether the Complaint can survive a motion to dismiss. Consequently, it is premature for the Court to address the notice issue, but if and when the Court does conduct a substantive consolidation hearing or trial on the merits of the Complaint, it must be demonstrated that adequate notice was given not only to the Non-Debtors but also to the Non-Debtors' creditors and owners.

### IX. Conclusion

Having reviewed the Complaint, the applicable case law, and the parties arguments, the Court concludes that SEPH has not met its burden of pleading a *prima facie* case for substantive consolidation. Therefore, the Motion to Dismiss of Kirkpatrick Bank [Doc. 104] is **GRANTED**, and accordingly SEPH's *Complaint for Substantive Consolidation and Accounting Pursuant to 11 U.S.C. § 105* [Doc. 1] is hereby **DISMISSED.**

**IT IS FURTHER ORDERED** that SEPH is granted fifteen (15) days from the of date of this Order within which to file an Amended Complaint should it so choose.  If SEPH chooses not to file an amended complaint, a judgment reflecting this ruling will be entered on a separate document in compliance with Fed. R. Bank. 9021 and Fed. R. Civ. P. 58.

# # #