**Dated: March 27, 2018**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart, | ) | Case No. 15-12215-JDL |
| Terry P. Stewart | ) | Ch. 7 |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

### ORDER UNSEALING PLEADINGS AND
### DIRECTING CLERK TO FILE PLEADINGS

On the date above written this matter came on before the Court for the *sua sponte* reconsideration of pleadings filed under seal in this case pursuant to the following: (1) the Court's *Order Granting Leave to File Motion Under Seal* entered on October 19, 2017 [Doc. 488], (2) the *Order Granting Kirkpatrick Bank's Application to File Under Seal* entered on November 3, 2017 [Doc. 499], (3) the *Order Granting Application to File Under Seal* entered on November 8, 2017 [Doc. 508], (4) the *Order Granting Application of Ruston C. Welch and Welch Law Firm's to File Response to SE Property Holdings, LLC'S Motion for Disgorgement of Compensation Paid to Welch Law Firm, P.C. Under Seal* entered on

December 1, 2017 [Doc. 519] and (5) the *Order Granting Application for Leave to File Under Seal* entered on December 15, 2017 [Doc. 530] (collectively referred to as the "*Sealing Orders*").

Pursuant to the *Sealing Orders*, the parties filed under seal certain pleadings related the issue of whether attorney's fees paid or to be paid to Ruston C. Welch or his law firm (collectively "Welch") should be limited, denied or disgorged. The pleadings filed under seal pertaining to that issue included: (1) SE Property Holdings, LLC's ("SEPH") *Motion for Disgorgement of Compensation Paid to Welch Law Firm P.C., Denial of Unpaid Compensation and Reimbursement of Property of the Estate Transferred to Third Parties Pursuant to 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016, 2017 and 9014* filed on October 20, 2017, (2) *Kirkpatrick Bank Response to SEPH's Motion to Disgorge* filed on November 3, 2017, (3) *SEPH's Reply to Kirkpatrick Bank's Response to Motion for Disgorgement* filed on November 9, 2017 (4) *Response of Ruston C. Welch and Welch Law Firm P.C.'s to SEPH's Motion for Disgorgement* filed on December 4, 2017, (5) *SEPH's Reply to Ruston C. Welch and Welch Law Firm's, P.C. Response to Motion for Disgorgement* filed on December 18, 2017 and (6) SEPH's *Motion for Order on Partial Findings* filed on December 21, 2017.

The *Motion*s, *Responses* and the *Replies* described in the preceding paragraph and under consideration by the Court were filed pursuant to the *Sealing Orders* and consequently do not bear a Docket Sheet identification number and are not available to the general public in the Court's CM/ECF System. The reason that pleadings relating to the possible disgorgement of fees were filed under seal was out of concern that certain facts

relating to funds received by and fees paid to Welch were the subject of a Confidentiality Order entered by the United States District Court for the Southern District of Alabama relating to settlement of environmental tort claims of certain parties represented by Welch arising out of the British Petroleum Deepwater Horizon oil spill in the Gulf of Mexico in April 2010 (the "BP claims").  However, the Court finds that concern for confidentiality was waived by Counsel Welch's filing of his *Amended Disclosure of Compensation of Attorney for Debtor* on September 20, 2017 [Doc. 464], which set forth in detail the funds received by him on behalf of certain entities affiliated with Debtor David Stewart pursuant to settlement of the BP claims which served as the source of the payment to Welch for services rendered to the Debtors in this bankruptcy case and to Debtors and affiliates in related adversary proceedings.

In entering the *Sealing Orders*, this Court, out of a deference to the United States District Court for the Southern District of Alabama and the concern of the parties in this case, went against the "common law ... long-standing presumption of public access to judicial records."  *Gitto v. Worcester Telegram & Gazette Corp. (In re Gitto Global Corp.)*, 422 F.3d 1, 6 (1st Cir. 2005).  The decision to seal court records and pleadings should not be taken lightly, and, "[o]nly the most compelling reasons can justify non-disclosure of judicial records."  *Gitto*, 422 F.3d at 6.  The right of public access to judicial records "is of special importance in the bankruptcy arena, as unrestricted access to judicial records fosters confidence among creditors regarding the fairness of the bankruptcy system."  *Id*. at 7, citing *In re Crawford*, 194 f.3d 954, 960 (9th Cir. 1999).  The Court's sealing of the pleadings was clearly an unusual step not to be undertaken except under the most

3

compelling circumstances. See, e.g. *Video Software Dealers Association v. Orion Pictures Corp. (In re Orion Pictures Corp.)*, 21 F.3d 24, 27 (2nd Cir. 1994).

Given the fact that Mr. Welch voluntarily filed with the Court a pleading detailing the information regarding the BP settlements which the *Sealing Orders* were meant to protect, there is no longer any compelling reason, if any reason at all, to prohibit the public's access to such information. In short, the Court can no longer "find that the interest in secrecy outweighs the presumption in favor of access." *In re General Homes Corp.*, 181 B.R. 898, 903 (Bankr. S.D. Tex. 1995); *Bank of American National Trust and Savings Association v. Hotel Rittenhouse Associates*, 800 F.2d 339, 345 (3rd Cir. 1986).

There is another reason for now unsealing the subject pleadings. Courts have observed that "the presumptive right to 'public observation' is at its apogee when asserted with respect to documents relating to 'matters that directly affect an adjudication.'" Gambale v. Deutsche Bank AG, 377 F.3d 133, 140 (2d Cir. 2004) (citing *United States v. Amodeo*, 71 F.3d 1044, 1049 (2nd Cir. 1995)). Such documents include those relating to a decision which is ripe for resolution by the Court, such as the grant and denial of a partial motion for summary judgment. See *Joy v. North*, 692 F.2d 880, 893 (2nd Cir. 1982), *cert. denied,* 460 U.S.1051,103 S.Ct.1498 (1983). In part because they relate to a court's adjudication process, "documents used by parties moving for, or opposing, (dispositive motions) should not remain under seal absent the most compelling reasons." *Id.* Here, the resolution of SEPH*'s Motion for Disgorgement* of Mr. Welch's fees is before the Court. The Court believes it would be remiss in its obligations if it were not to provide a full public record (and a complete record for a possible appeal) of the basis for that adjudication.

4

It is fundamental that "[e]very court has supervisory power over its own records and files." *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598, 98 S.Ct. 1306 (1978). "It is undisputed that the district court retains the power to modify or lift protective orders that it has entered." *In re "Agent Orange" Product Liability Litigation*, 821 F.2d 139, 145 (2nd Cir.), *cert. denied*, 484 U.S. 953, 108 S.Ct. 344 (1987). Accordingly,

**IT IS ORDERED** that the Court's *Sealing Orders* identified above are hereby vacated, and

**IT IS FURTHER ORDERED** that the Clerk of the Bankruptcy Court is hereby directed to file of record on the Docket Sheet and the Court's CM/ECF system available for public access the following pleadings: (1) SE Property Holdings, LLC's ("SEPH") *Motion for Disgorgement of Compensation Paid to Welch Law Firm P.C., Denial of Unpaid Compensation and Reimbursement of Property of the Estate Transferred to Third Parties Pursuant to 11 U.S.C. § 329(a) and Fed.R.Bankr.P. 2016, 2017 and 9014* filed on October 20, 2017, (2) *Kirkpatrick Bank's Response to SEPH's Motion to Disgorge* filed on November 3, 2017, (3) *SEPH's Reply to Kirkpatrick Bank's Response to Motion for Disgorgement* filed on November 9, 2017 (4) *Response of Ruston C. Welch and Welch Law Firm P.C.'s to SEPH's Motion for Disgorgement* filed on December 4, 2017, (5) *SEPH's Reply to Ruston C. Welch and Welch Law Firm's, P.C. Response to Motion for Disgorgement* filed on December 18, 2017 and (6) SEPH's *Motion for Order on Partial Findings* filed on December 21, 2017.

**# # #**