

**Dated: June 4, 2018**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
David A. Stewart,                         )          Case No. 15-12215-JDL
Terry P. Stewart                          )          Ch. 7
                                          )          **Jointly Administered**
                    Debtors.              )

**ORDER STRIKING MOTION FOR LIMITED DISCOVERY,
EVIDENTIARY HEARING OR MOTION TO STRIKE**

There comes on for consideration the *Motion for Limited Discovery and for a Limited Evidentiary Hearing or, Alternatively, Motion to Strike* filed by SE Property Holdings, LLC ("SEPH") filed on June 1, 2018 (the "Motion") [Doc. 587]. The Motion relates to the Court*'s Memorandum Opinion and Order for Disgorgement of Fees* entered on April 27, 2018 (the "Order") [Doc. 576] by which the Court ruled that counsel for the Debtors, Ruston Welch, disgorge and pay to the Chapter 7 Trustee $25,000 as a sanction for not having made proper disclosure of his attorney's fees as required by Fed.R.Bankr.P. 2016. On May 11, 2018, SEPH filed its *Motion to Alter or Amend Order on Disgorgement, Pursuant to Bankruptcy Rule 9023* ("Motion to Reconsider") [Doc. 581] which sought the

Court to clarify certain findings in the Order as well as challenging the Court's determination of the $25,000 sanction. Contemporaneous with the filing of the Motion to Reconsider on May 11, 2018, SEPH appealed the Order to the Bankruptcy Appellate Panel of the Tenth Circuit [Doc. 583].[1]

As a general matter, "[t]he filing of a notice of appeal is an event of jurisdictional significance-it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *SB Liquidation Trust v. Preferred Bank (In re Syntax-Brillian Corp.)*, 2013 WL 153831 at *5 (Bankr. D. Del. 2013) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58, 103 S.Ct. 400 (1982); *In re Energy Future Holdings Corp.*, 2016 WL 6808958 (Bankr. D. Del. 2016). "The purpose of this judge-made rule is to 'prevent confusion and inefficiency' that would result if two courts were considering the same issue simultaneously." *Syntax*, 2013 WL 153831 at *5 (quoting *Venen v. Sweet*, 758 F.2d 117, 120-21 (3rd Cir. 1985)).

This same rule applies to appeals filed in bankruptcy cases. See *In re Millennium Global Emerging Credit Master Fund LTD.*, 471 B.R. 342, 348 (Bankr. S.D. N.Y. 2012) ("[t]he filing of an appeal divests a bankruptcy court of jurisdiction over all aspects of the case that are the subject of the appeal."). "[A] lower court may take no action which interferes with the appeal process or with the jurisdiction of the appellate court." *Dicola v. American Steamship Owners Mutual Protection and Indemnity Association, Inc. (In re Prudential Lines, Inc.)*, 170 B.R. 222, 243 (S.D. N.Y.1994); *Energy Future Holdings Corp.*, 2016 WL 6808958 at *1. Thus, this Court "cannot vacate or modify an order which is on

---

[1] BAP Case No. WO-18-68.

2

appeal." *Hagel v. Drummond (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP. 1995) (citing *Bialac v. Harsh Investment Corp. (In re Bialac)*, 694 F.2d 625, 627 (9th Cir. 1982) ("Even though a bankruptcy court has wide latitude to reconsider and vacate its own prior decisions, not even a bankruptcy court may vacate or modify an order while on appeal." (Citations omitted); *In re Washington Mut., Inc.*, 461 B.R. 200, 217 (Bankr. D. Del. 2011), vacated in part, 2012 WL 1563880 (Bankr. D. Del. 2012).

Although SEPH's Motion is premised on Fed.R.Civ.P. 59, as made applicable to bankruptcy proceedings by Fed.R.Bankr.P. 9023, the Court finds that what SEPH is seeking is really governed by Fed.R.Bankr.P. 8008[2] which provides in relevant part:

> If a party files a timely motion the bankruptcy court for relief that the court lacks authority to grant because of an appeal that has been docketed and is pending, the bankruptcy court may:
>
> (1) defer considering the Motion;
>
> (2) deny the motion; or
>
> (3) state that the court would grant the motion if the court where the appeal is pending remands for that purpose, or state that the motion raises a substantial question.

The Advisory Committee Note to Rule 8008 states that the Rule "provides a procedure for the issuance of an indicative ruling when a bankruptcy court determines that, because of a pending appeal, the court lacks jurisdiction to grant a request for relief that the court concludes is meritorious or raises a substantial issue."

---

[2] Rule 8008 conforms with Fed.R.Civ.P. 62.1 entitled "Indicative Ruling on a Motion for Relief That is Barred by a Pending Appeal" and Rule 12.1 of the Federal Rules of Appellate Procedure.

This Court does not believe that it has jurisdiction to consider any matters relating to the Order which has been appealed, including reopening discovery or presenting new evidence to factually attack the Order. That having been said, the Court anticipates that SEPH would seek relief by filing a similar Motion on the authority of Fed.R.Bankr.P. 8008. If this Court were to treat SEPH's Motion as one under Rule 8008, it could defer or deny the Motion, or find that the court would grant the Motion if the appeal is remanded for that purpose or state that the Motion raises a substantial issue. The Court does not believe that any action by this Court other than denying or deferring the Motion would be granted, and it does not believe that an "indicative ruling" would be appropriate.

Accordingly, SEPH's *Motion for Limited Discovery and for a Limited Evidentiary Hearing or, Alternatively, Motion to Strike* [Doc. 587] is hereby **Stricken** as this Court lacks jurisdiction to entertain the same.

# # #

4