

**Dated: August 28, 2019**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                              )
                                    )
David A. Stewart,                   )          Case No. 15-12215-JDL
Terry P. Stewart                    )          Ch. 7
                                    )          **Jointly Administered**
                    Debtors.        )

**ORDER DENYING MOTION FOR STAY PENDING APPEAL**

### I. Introduction

On July 19, 2019, following a fourteen (14) day evidentiary hearing, the Court entered its *Opinion and Order on Motion to Compromise* (the "Order") [Doc. 710] which approved the joint motion of the Trustee and the Debtors to settle three of four pending adversaries against the Debtors, their non-debtor affiliated limited liability companies, family members and/or their bank. The largest creditor and only party objecting to the compromise, SE Property Holdings, LLC ("SEPH"), has appealed the Order to the District Court, and has moved this Court for a stay pending the appeal. Before the Court for consideration are SEPH's *Motion for Stay Pending Appeal Pursuant to Bankruptcy Rule*

8007 (the "Motion for Stay") [Doc. 711]; *Kirkpatrick Bank's Objection to SEPH's Motion for Stay Pending Appeal* [Doc. 719]; *Debtors Objection to Motion for Stay Pending Appeal Pursuant to Bankruptcy Rule 8007* [Doc. 720]; *Joinder in Opposition to Seph Motion for Stay pending Appeal* filed by the Trustee [Doc. 721]*; SE Property Holdings, LLC's Reply to Kirkpatrick Bank's Objection to Motion for Stay Pending Appeal* [Doc. 725]; and *SE Property Holdings, LLC's Reply to Debtors' [Doc. 720] Objections to Motion for Stay Pending Appeal* [Doc. 726].

As required by Fed.R.Bankr.P. 7052 and 9014[1], the below constitute the Findings of Fact and Conclusions of Law constituting the basis of this Court's Order.  The Court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334, 157(a) and (b)(2), and LcvR 81.4(a) of the United States District Court for the Western District of Oklahoma.

Although a motion to stay need not address the wisdom of the underlying judgment which is sought to be stayed, given the complexity of the case the Court believes that a brief summary of the underlying facts of the Court's lengthy (36 page) Order is necessary to frame the issues in SEPH's Motion for Stay.

## II. Background

On September 30, 2014, SEPH filed Involuntary Petitions for Relief under Chapter 7 of the United States Bankruptcy Code against the Stewarts in the United States District Court for the Southern District of Alabama, Southern Division.  On March 18, 2015, the Alabama Bankruptcy Court entered orders for relief under Chapter 7 of the U.S.

---

[1] All future references to "Bankruptcy Rule" are to the Federal Rules of Bankruptcy Procedure.

Bankruptcy Code. On June 12, 2015, the Alabama Bankruptcy Court granted the Stewarts' motion to transfer the bankruptcy cases to this Court. On July 21, 2015, the Stewart cases were jointly administratively, but not substantively, consolidated by this Court [Doc. 137].

Over the next two years the Trustee, and/or SEPH, filed four adversary proceedings against the Stewarts, their three children, Mr. Stewart's mother, the mother's irrevocable trust and several non-debtor affiliated limited liability companies owned, managed or controlled by Mr. Stewart. The adversary proceedings included (1) an adversary by the Trustee, and supported by SEPH, to set aside fraudulent transfers under 11 U.S.C. § 548 as well as under the Oklahoma Fraudulent Transfers Act[2]; (2) an adversary by SEPH against Kirkpatrick Bank seeking equitable subordination of Kirkpatrick Bank's claims against the Stewarts and one of their affiliated entities, Raven Resources, LLC under 11 U.S.C. § 510[3]; (3) an adversary by SEPH seeking the substantive consolidation of several non-debtor affiliates of the Stewarts into their jointly administered bankruptcy cases[4]; and (4) an adversary proceeding by SEPH seeking a determination that both Debtors be denied a discharge under 11 U.S.C. §§ 727(a)(2), 727(a)(4)(A), and 727(a)(5) or, alternatively, that their debt to SEPH be determined non-dischargeable pursuant to 11 U.S.C. § 523(a)(2)(A)[5].

The Trustee and the Debtors subsequently reached an agreement for settlement of three of the four pending adversary proceedings, the ones for fraudulent transfer,

---

[2] *Gould v. Stewart et.al,* Adv. Case No. 16-01002.

[3] *SE Property Holdings, LLC v. Stewart et al,* Adv. Case No. 17-01051.

[4] *SE Property Holdings, LLC v. Stewart et.al,* Adv. Case No. 16-01117.

[5] *SE Property Holdings, LLC v. Stewart et.al,* Adv. Case No. 16-01087.

equitable subordination and substantive consolidation.  The proposed settlement did not affect SEPH's adversary proceeding objecting to the Debtors' being granted a discharge or the dischargeability of their debt to SEPH.  The settlement provided for the payment of $750,000 to the Trustee and the Debtors' estates.  The settlement also called for the Trustee, on behalf of the Debtors' estates, to release the Debtors and their agents, servants, employees, representatives (excluding their attorneys), family members, affiliates, and lenders (notably, Kirkpatrick Bank) from any and all claims by the bankruptcy estate or its creditors[6].  No creditor or party in interest, other than SEPH, filed an objection to the proposed settlement.

After a fourteen (14) day evidentiary hearing, on July 19, 2019, the Court entered its Order approving the settlement.  In its thirty-six (36) page Order, in detail the Court evaluated the proposed settlement, and SEPH's objection thereto, applying the Tenth Circuit criteria/factors established in *In re Kopexa Realty Venture Co.*, 213 B.R. 1020, 1022 (10th Cir. BAP 1997) and *In re Southern Medical Arts, Co. Inc.*, 343 B.R. 250, 256 (10th Cir. BAP 2006): (1) the probable success of the underlying litigation on the merits; (2) the possible difficulty in collection of a judgment; (3) the complexity and expense of litigation; and (4) the interests of creditors and deference to their reasonable views.  In addition, the Court considered whether the proposed settlement promoted the integrity of the judicial system. *In re Kallstrom,* 298 B.R. 753, 758 (10th Cir. BAP 2003). The Court was also guided by the applicable law that it need not decide the numerous issues of fact and law raised by the compromise or settlement, "but must only 'canvass the issues and see

---

[6] *Second Joint Motion to Approve Compromise and Settlement Agreement*. [Doc. 472].

4

whether the settlement falls below the lowest point in the range of reasonableness'." *Adelphia Communications Corp*., 327 B.R. 143, 159 (Bankr. S.D. N.Y. 2005); *In re Roqumore*, 393 B.R. 474, 480 (Bankr. S.D. Tex. 2008).

After analyzing the extensive factual record and applying the applicable law to each of the three adversaries for which settlement was sought by the Trustee and Debtors, the Court concluded the Trustee, in exercising his sound business judgment, had proposed a settlement which could not be said to fall below the lowest point in the range of reasonableness. The Court therefore approved the settlement, leaving for future determination SEPH's adversary objecting to the Debtors' discharge and dischargeability of their debts. SEPH seeks to stay the Debtors, Kirkpatrick Bank and presumably any of the other numerous defendants, from taking any action authorized by the Court's Order approving the settlement.

## III. Discussion

Under Bankruptcy Rule 8007, granting a stay pending appeal is discretionary. *Otero Rivera v. Lake Berkley Resort Master Association, Inc. (In re Otero Rivera)*, 532 B.R. 425, 426 (Bankr. D. P.R. 2015); *In re Lang,* 305 B.R. 905, 911 (10th Cir. BAP 2004) ("The decision of whether to grant a stay pending appeal is left to the discretion of the bankruptcy court."). "The propriety of its issue is dependent upon the circumstances of the particular case." *Nken v. Holder,* 556 U.S. 418, 433, 129 S.Ct. 174 (2009). The factors to be considered by a court in determining whether to grant a stay pending appeal are well established: (1) the likelihood of success on appeal; (2) the threat of irreparable harm to the appellant if the stay is not granted; (3) the absence of harm to the opposing parties if

5

the stay is granted; and (4) the risk of harm to the public interest. *Nken,* 556 U.S. at 434; *FTC v. Mainstream Marketing Services, Inc.*, 345 F.3d 850, 852 (10ᵗʰ Cir. 2003). The first two factors are the "most critical" in the determination whether to grant a stay pending appeal. *Nken*, 556 U.S. at 434. With respect to the first factor, the Supreme Court has stated that "[i]t is not enough that the chance of success on the merits be 'better than negligible'" or that success be a "mere possibility," *Nken,* 556 U.S. at 434. Likewise, "simply showing some 'possibility of irreparable injury,' *Abbassi v. INS*, 143 F.3d 513, 514 (9ᵗʰ Cir. 1998), fails to satisfy the second factor." *Nken,* 556 U.S. at 434-35.

"A stay is an 'intrusion into the ordinary processes of administration and judicial review,'" *Nken,* 556 U.S. at 427 (quoting *Virginia Petroleum Jobbers Association v. FPC,* 259 F.2d 921, 925 (C.A. D.C. 1958). The party seeking the stay "bears the burden of showing that the circumstances justify" a stay. *Id*., at 434; *Fletcher v. United States*, 2016 WL 927196 at *4 (N.D. Okla. 2016) (citing *McCammon v. United States*, 584 F.Supp.2d 193, 197 (D. D.C. 2008) ("granting a stay pending appeal is always an extraordinary remedy, and...the moving party carries a heavy burden to demonstrate that the stay is warranted."). Indeed, the Court will not enter a stay as "a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken,* 556 U.S. at 427; *Pueblo of Pojoaque v. State of New Mexico,* 233 F.Supp.3d 1021, 1093 (D. N.M. 2017).

**A. Factor 1 - Likelihood of Success on the Merits on Appeal.**

The party seeking the stay must make "a strong showing that [it] is likely to succeed on the merits." *Nken,* 556 U.S. at 434. "It is not enough that the chance of success on the merits be better than negligible." Nor is it sufficient for the petitioner to simply show a

"mere possibility of relief." *Id.*

In considering the first critical factor, "likelihood of success on the merits on appeal," this Court must consider the applicable standard of review that would govern such an appeal. "A bankruptcy court's order approving a negotiated settlement is entitled to deferential review, and [the appellate court] can reverse the Order Approving Settlement if there has been an abuse of discretion." *In re Brumfiel,* 2015 WL 5895213 at *7 (10th Cir. BAP 2015) (citing *City Sanitation, LLC v. Allied Waste Services of Massachusetts, LLC (In re American Cartage, Inc.)*, 656 F.3d 82, 91 (1st Cir. 2011); *Reiss v. Hagmann,* 881 F.2d 890, 891-92 (10th Cir. 1989) ("A bankruptcy court's approval of a compromise may be disturbed only when it achieves an unjust result amounting to a clear abuse of discretion."); *In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997). An abuse of discretion exists when the appellate court has "a definite and firm conviction that the lower court made a clear error of judgment or exceeded the bounds of permissible choice in the circumstances." *Moothart v. Bell*, 21 F.3d 1499, 1504 (10th Cir. 1994) (citation omitted). An "abuse of discretion may occur when the bankruptcy court bases its decision on an erroneous conclusion of law." *Bank One v. Kallstrom (In re Kallstrom),* 298 B.R. 753, 757 (10th Cir. BAP 2003); *Rotert v. Rotert (In re Rotert),* 530 B.R. 791, 798, n. 32 (Bankr. N.D. Okla. 2015).

In its Motion, SEPH does not appear to argue that the Court failed to apply the proper legal standards for approval of a settlement under *Kopexa,* i.e. the probability of success, the complexity and expense of litigation, deference to the views of creditors, likely difficulty in collection and the integrity of the bankruptcy system. In fact, the Court

delineated and gave considerable attention to each and every one of those standards. There was no abuse of discretion in the application of the law.

SEPH argues that the Court erred in its factual findings derived from the evidence to support its conclusion that approval of the settlement was in the best interest of the creditors.  An appellate court can find an abuse of discretion where the trial court based its ruling on a *clearly erroneous* assessment of the evidence. *Southwest Medical Arts Companies Inc.,* 343 B.R. at 356 ("We must accept the bankruptcy court's findings as true unless they are clearly erroneous (citing *Yukon Self Storage Fund v. Green (In re Green),* 876 F.2d 854, 856 (10th Cir. 1989)). "[T]he foremost of these principles (governing the exercise of the appellate court's power of review)...is that a finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on reviewing the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Anderson v. City of Bessemer City, North Carolina*, 470 U.S. 564, 573, 105 S.Ct. 1504 (1985) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395, 68 S. Ct. 525 (1948)).  "This standard plainly does not entitle a reviewing court to reverse the finding of the trier of fact simply because it is convinced that it would have decided the case differently." *Id.,* at 573.

"It is the responsibility of an appellate court to accept the ultimate factual determination of the fact-finder unless that determination either (1) is completely devoid of minimum evidentiary support displaying some hue of credibility, or (2) bears no rational relationship to the supportive evidentiary data." *In re Mama D'Angelo, Inc.*, 55 F.3d 552, 555 (10th Cir. 1995) (citing *Krasnov v. Dinan*, 465 F2d. 1298, 1302 (3rd Cir. 1972)); *In re*

*Petters Co., Inc.*, 455 B.R. 166, 168 (8ᵗʰ Cir. BAP 2011) (bankruptcy court abuses its discretion to approve a settlement only if "no reasonable man could agree with the decision to approve the settlement."); *In re Velasquez*, 2019 WL 2511557, at *3 (10ᵗʰ Cir. BAP 2019) ("An abuse of discretion occurs when the trial court makes an 'arbitrary, capricious, whimsical' or 'manifestly unreasonable judgment'."). "In applying the clearly erroneous standard to the findings of a district court sitting without a jury, appellate courts must constantly have in mind that their function is not to decide factual issues *de novo*." *Zenith Radio Corp. v. Hazeltine Research, Inc*., 395 U.S. 100, 123, 89 S.Ct. 1562 (1969).

Based on the evidence, the Court concluded that in two of the three adversary proceedings, substantive consolidation and equitable subordination, it was more likely than not that SEPH would be unsuccessful if tried on the merits. The Trustee's fraudulent transfer action was unquestionably strong, but the Court was not free to pick and choose which part(s) of the settlement agreement it chose to approve. The Court could not rewrite the settlement agreement for the parties. But the overriding issue for the Court was what was in the best interests of the creditors, and that issue rested upon the financial value of settlement as determined by the evidence. SEPH contended that there was substantial equity in Raven (which was not even a debtor of SEPH without substantive consolidation) which far exceeded the $600,000 value which the Trustee was attributing to equity of the non-debtor affiliates under the terms of the settlement. The problem with SEPH's contention was that its primary expert witness could arrive at a substantial positive equity value of the non-debtor affiliates, Raven, Oklamiss, NOG and Shimmering Sands, only by reducing the secured debt owed to Kirkpatrick Bank by some $8 million. The Court found

this $8 million "negotiable, settlement discount" too speculative upon which to determine the fate of the proposed settlement. The Court also found that upon cross-examination, SEPH's expert's $1.4 million discount for probable over-inclusion of Raven's leasehold interests to be grossly insufficient.

At the risk of appearing to state the obvious, or displaying an unseemly lack of judicial humility, the Court believes that its Order approving the settlement is thorough, well thought-out, applied the applicable law to the facts and gave due deference to the competing positions and interests of the parties. As pointed out in the Order, the court conducted fourteen (14) days of hearings consuming more than 2,700 pages of trial transcript, reviewed hundreds of exhibits consisting of thousands of pages, and heard the live testimony of seven witnesses (plus four more by deposition) in forming its decision. Clearly the decision was not made arbitrarily, capriciously, whimsically or completely devoid of any evidentiary support. Consequently it appears more likely than not that SEPH will be unsuccessful on the merits of this appeal and thus a stay should be denied.

**B. Factor 2 - Irreparable Harm If a Stay is Not Granted.**

"[A] stay is not a matter of right, even when irreparable injury might otherwise result." *Virginian Railway Co. v. United States,* 272 U.S. 658, 672, 47 S.Ct. 222 (1926); *Pueblo of Pojoaque*, 233 F.Supp.3d 1021, 1093 (D. N.M. 2017). The courts have frequently reiterated the standard of requiring a plaintiff seeking preliminary relief to demonstrate that irreparable injury is *likely* in the absence of an injunction. *Winter v. Natural Resources Defense Council, Inc.,* 555 U.S. 7, 21, 129 S.Ct. 365 (2008) (emphasis in original). "Issuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with

10

our characterization of injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Id.*, 555 U.S. at 22. To constitute irreparable harm, an injury must be certain, great, actual "and not theoretical." *Heideman v. South Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003). "It is also well-settled that simple economic loss usually does not, in and of itself, constitute irreparable harm; such losses are compensable by monetary damages." *Id.*; *Greater Yellowstone Coalition v. Flowers,* 321 F.3d 1250, 1258 (10th Cir. 2003) ("[A] (movant) satisfies the irreparable harm requirement by demonstrating 'a significant risk that he or she will experience harm that cannot be compensated after the fact by monetary damages.") (quoting *Adams v. Freedom Forge Corp.*, 204 F.3d 475, 484-85 (3rd Cir. 2000); *RoDa Drilling Co v. Siegal*, 552 F.3d 1203, 1210 (10th Cir. 2009).

SEPH argues that it will be irreparably harmed if no stay is entered because the Debtors and the non-debtor affiliates will engage in the transfer and dissipation of assets making any ultimate appellate victory by SEPH meaningless. First, whether such transfers would occur in the future is speculative and theoretical, not "certain and great." There is inherent in most appeals the possibility that a debtor may transfer assets. That is not a unique situation. Second, if SEPH is successful on appeal it would not only have the opportunity to continue to pursue the pre-petition fraudulent transfer adversary along with the Trustee but also pursue any fraudulent post–petition transfers under applicable state law. The prospect of recovering monetary damages for any such pre and post-petition transfers strongly militates against the extraordinary injunctive remedy of granting a stay. "The possibility that adequate compensatory or other corrective relief will be available at

11

a later date, in the ordinary course of litigation, weighs heavily against the claim of irreparable harm." *In re Revel AC, Inc*., 802 F.3d 558, 571 (3rd Cir. 2015). As a general proposition, damages in the form of loss of money is not considered to be irreparable harm. See e.g. *Minard Run Oil Co. v. U.S. Forest Service*, 670 F.3d 236, 255 (3rd Cir. 2011, as amended March 7, 2012) (generally, a purely economic injury, compensable in money, does not satisfy the irreparable injury requirement, although an exception exists where the potential economic loss is so great as to threaten existence of the movant's business); *Acierno v. New Castle County*, 40 F.3d 645, 653 (3rd Cir. 1994) ("Economic loss does not constitute irreparable harm").

### C. Factor 3 - Whether a Party Will Suffer Substantial Injury If a Stay is Issued.

With regard to this prong of the test for a stay pending appeal, the movant must establish that the non-moving party or other parties will not suffer substantial harm if the stay is granted. "In other words, the moving party must show that the balance of harms tips in favor of granting the stay." *ACC Bondholder Group v. Adelphia Communications Corp., (In re Adelphia Communications Corp.)*, 361 B.R. 337, 349 (S.D. N.Y. 2007).

Debtors and Kirkpatrick Bank argue that they would suffer substantial injury if the Court were to stay proceedings pending the appeal. Putting aside the fact that much of the predicament in which the Debtors have found themselves has been self-inflicted, the Court has no reason to doubt the Debtors' argument that for more than two years the Debtors and the non-debtor affiliates have been sharply constrained in their business operations by virtue of the Court's Preliminary Injunction, the threat of substantive consolidation, as well as the Trustee's oversight. Debtors argue, particularly with regard

12

to the non-debtor affiliates, that the pending adversaries have hindered their ability to acquire, develop, finance, sell and transfer properties.  In particular, they argue that Raven has been negatively impacted by the inability to develop oil and gas properties and operate its business profitably. [Doc. 720, pgs. 6-7]. Given SEPH's ability to seek monetary compensation in the event of a successful appeal weighed against the ongoing constraints imposed upon the non-debtors by virtue of the pending adversaries, the Court cannot say that any harm to SEPH outweighs the harm to the non-debtor affiliates.

### D. Factor 4 - The Public Interest

The last factor to determine whether a stay pending appeal should be granted is whether a stay is in the public interest.  In effect, that question is how a stay decision has "consequences beyond the immediate parties." *Revel AC, Inc.,* 802 F.3d at 569.  The court explained in *In re Doctors Hospital of Hyde Park, Inc.,* 376 B.R. 242, 249 (Bankr. N.D. Ill. 2007), "[t]he public policy behind bankruptcy is the equality of distribution to creditors within the priorities established by the Code within a reasonable time."  See also  *In re Metiom, Inc.*, 318 B.R. 263, 272 (S.D. N.Y. 2004) (the public interest favors the expeditious administration of bankruptcy cases, and also recognizes the desirability of implementing the legitimate expectations of creditors to get paid); *Adelson v. Smith (In re Smith),* 397 B.R. 134, 148 (Bankr. D. Nev. 2008) ("There is a great public interest in the efficient administration of the bankruptcy system.").  Furthermore, settlements are strongly encouraged as a matter of public policy because they promote the amicable resolution of disputes and lighten the litigation load of the courts. *In re BG Petroleum, LLC,* 525 B.R. 260, 270 (Bankr. W.D. Pa. 2015).

Much of SEPH's argument against settlement is grounded in the belief that the Debtors, or at least Mr. Stewart, has engaged in "a long history of dishonesty and fraud which is whitewashed by the Court's approval of the settlement ...." [Doc. 711, pg. 8]. The Court has previously discussed on several occasions, and once again did so in its Order, its concern with Mr. Stewart's conduct. Certainly, while this Court recognizes that the public interest favors compliance-not disobedience-with court orders, the request for the stay is not made in the context of Mr. Stewart's disobedience of a court order but in the context of the approval of a settlement sought by the Trustee. Any sanction for disobedience of a court order or other misconduct by Mr. Stewart, however, cannot be disapproval of a settlement agreement which is determined by separate standards, including whether the Trustee has exercised sound business judgment in the best interests of the creditors. *Law v. Siegel*, 571 U.S. 415, 427, 134 S.Ct. 1188 (2014) (Ample authority remains to address debtor misconduct, including the denial of a discharge, see § 727 (A)(2)-(6); sanctions for bad-faith litigation conduct through the Bankruptcy Rules, § 105(a), or a bankruptcy court's inherent powers; enforcement of monetary sanctions through the normal procedures for collecting money judgments, see § 727(b); or possible prosecution under 18 U.S.C. § 152). The proper sanction for any alleged Debtor misconduct is not denial of a settlement which otherwise meets the requirements of the law. In the present case, SEPH's adversary objecting to the Debtors' discharge or the dischargeability of its debt is not affected by the settlement approved by the Court.

This Court finds that the public interest in the expeditious administration of the bankruptcy cases as well as the preservation of the bankruptcy assets for the purpose of paying creditors, and promoting settlement rather than litigation of claims lacking a

substantial possibility of success, outweighs the invocation of the "public interest" as a punishment for the possible misconduct of a debtor.

### E. Whether SEPH's Appeal from the Fraudulent Conveyance Adversary is Moot.

In its Objection, Kirkpatrick Bank argues that SEPH's appeal should be dismissed as moot because the Trustee filed a dismissal with prejudice two hours and thirty-six minutes after the entry of the Court's Order approving the settlement.  SEPH filed its Motion for Stay two hours and eight minutes after the entry of the Court's Order.  SEPH timely filed both its Notice of Appeal under Rule 8002(a)(1) and its Motion for Stay under Rule 8007(a).  Contrary to Kirkpatrick Bank's argument, the Trustee cannot strip SEPH of those valuable rights by dismissing the case and declaring the appeal moot.  It is true that "[w]hen circumstances change while an appeal is pending that make it impossible for the court to grant 'any effectual relief whatsoever' to a prevailing party, the appeal must be dismissed as moot." *In re Marshall* 595 B.R. 269, 271 (8th Cir. BAP 2019). In the present case, however, should SEPH prevail in its appeal this Court would have the authority, indeed the duty, to grant relief by vacating the order of dismissal under Fed.R. Civ.P. 60.

For the reasons  stated above, the Court finds, and

**IT IS ORDERED** that SEPH's *Motion for Stay Pending Appeal Pursuant to Bankruptcy Rule 8007* [Doc. 711] is hereby **Denied.**

\#  \#  \#

15