**Dated: August 20, 2021**

**The following is ORDERED:**





Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart, | ) | Case No. 15-12215-JDL |
| Terry P. Stewart, | ) | Ch. 7 |
| | ) | **Jointly Administered** |
| Debtors. | ) | |

## ORDER DENYING MOTION FOR PARTIAL SUMMARY JUDGMENT

### I. Introduction

In 2017 the major creditor in this bankruptcy, SE Property Holdings, LLC ("SEPH"), moved the Court to order the Debtors' former attorney, Ruston C. Welch and the Welch Law Firm, PLLC (individually or collectively referred to as "Welch") to disgorge approximately $350,000.00 in attorney fees which he had been paid for his bankruptcy services. The source of the payment of the attorney fees was the settlement of claims by affiliated limited liability companies of the Debtors, including, for purposes pertinent here, received by Neverve, LLC ("Neverve") for damages arising out of the 2010 BP Deepwater Horizon oil spill in the Gulf of Mexico (the "BP Claim Proceeds"). Disgorgement was

sought by virtue of Welch not having made proper disclosure of his fees required by 11 U.S.C. §§ 329 and 330 and Fed.R.Bankr.P. 2016 and 2017.[1]  In April 2018, this Court ordered Welch to disgorge $25,000.00 of his fee for his non-disclosure.  SEPH appealed the Court's decision.  The Bankruptcy Appellate Panel affirmed the Bankruptcy Court, but the Tenth Circuit Court of Appeals reversed and remanded the case back to this Court for further evidentiary hearing.[2]

On remand, Welch has moved for partial summary judgment on one issue which they assert is material to, though not dispositive of, the disgorgement proceeding.  The specific issue raised by Welch's Motion for Partial Summary Judgment is whether SEPH held a security interest in the approximate $350,000.00 in Neverve BP Claim Proceeds received by Welch which were used to pay his attorney's fees.[3]  In his Motion Welch asserts that SEPH did not hold such a security interest.  In response, SEPH asserts (1) it did hold such a security interest or, at the very least there are disputed issues of fact as to whether a security interest existed, precluding summary judgment and (2) that the issue

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.  All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

[2] *In re Stewart,* 583 B.R. 775 (Bankr. W.D. Okla. 2018); *SE Property Holdings, LLC v. Stewart (In re Stewart),* 600 B.R. 425 (10th Cir. BAP 2019)*; SE Property Holdings, LLC v. Stewart et al. (In re Stewart)*, 970 F.3d 1255 (10th Cir. 2020).

[3] In August 2016 Welch received $73,638.45 attributable to his 15% "contingency" fee of the total Neverve settlement of $490,923.00. The difference, or "proceeds to client", was $275,572.27.  Both the "contingency fee" and the remaining "proceeds to client" were both later applied to pay Welch's hourly rate fees for his bankruptcy representation.  Welch also received a "contingency fee" of $46,500.00 for the settlement of the $310,000.00 Shimmering Sands BP claim. The "contingency" fee was applied to pay his hourly rate bankruptcy fees. The remaining "gross proceeds to client" of $173,939.44 was paid to Kirkpatrick Bank which had obtained a security interest in the proceeds in February 2016.

of whether it held a security interest in the assets of Neverve is not dispositive of any issue in this case given the Tenth Circuit's Order and therefore not appropriate for summary judgment. Before the Court for consideration are the *Welch Law Firm, P.C. and Ruston C. Welch's Motion for Partial Summary Judgment in the Disgorgement Action* [Doc. 805], *SE Property Holdings, LLC's Response to Motion for Partial Summary Judgment* [Doc. 824]; *Welch Parties' Reply to SEPH's Response to Welch Parties' Motion for Summary Judgment* [Doc. 837] and *SE Property Holdings, LLC's Sur-Reply Brief Responding to New Arguments and Evidence in Reply Brief* [Doc. 858].[4] To understand the issues presented by Welch's *Motion for Partial Summary Judgment* a little background and context is necessary.

## II. Background

For more than two years after being retained by the Debtors in the spring of 2015 to represent them in this bankruptcy case, numerous adversary proceedings associated with it, as well as representing numerous affiliates owned or operated by Debtors, Welch failed to disclose the amount, source or agreement for the payment of any attorney fees

---

[4] Kirkpatrick Bank has filed *its Statement of Position In Regard To SEPH's Alleged Security Interest in Shimmering Sands Development, LLC* [Doc. 845]. While the Bank concentrates on the issue of whether SEPH had a security interest in the BP Claim Proceeds of Shimmering Sands, another affiliate of the Debtors, it also supports Welch's position that SEPH did not hold an enforceable security interest in the BP Claim Proceeds of Neverve.

The issue of any purported security interest of SEPH in any assets of Shimmering Sands is not before the Court. The Court notes, however, that in prior proceedings SEPH had taken the position that while it held a security interest in the Neverve BP Claim Proceeds, the Shimmering Sands BP Claim Proceeds were unencumbered except as to the security interest asserted by Kirkpatrick Bank. [*Motion to Approve SEPH's Pursuit of Turnover Adversary Proceeding on Behalf of Estates, or, in the Alternative, To Compel Trustee to File Turnover Adversary Proceeding*, Doc. 615, pg.12].

3

to him.  It was not until August 30, 2017, when the Court directed him to do so that Welch revealed that he had been paid fees and expenses for the bankruptcy case and related adversary proceedings in the total amount of $348,044.41.  The source of all of these payments was BP Claim Proceeds.

In reversing this Court's decision ordering Welch to disgorge $25,000.00, the Tenth Circuit held that the presumptive or "default" position for failure of an attorney to make proper disclosure under § 329 and Rule 2016 was disgorgement of the *entire* fees paid to the attorney unless there were "sound reasons supported by solid evidence" in mitigation of total disgorgement. *In re Stewart,* 970 F.3d 1255, 1268 (10th Cir. 2020).  The Court of Appeals found that the Bankruptcy Court had not heard such "solid evidence." "Most importantly, however, the bankruptcy court failed to examine the source of the payments to Mr. Welch.**** (and) [w]e would therefore expect the court to examine those payments before deciding not to require complete disgorgement." *Id.*  The Tenth Circuit instructed that upon remand this Court should, upon an evidentiary basis, closely examine all payments to Welch, including the amount, *source* and value of the same to determine the appropriate amount of disgorgement this Court should order.

Important for the issue now before this Court, the Tenth Circuit Opinion also noted that in the Bankruptcy Court that SEPH, in addition to the non-disclosure of the fees, had argued that Welch's use of the Neverve BP settlement proceeds was improper because (1) SEPH held a security interest in any BP proceeds that might be awarded to Neverve and/or (2) such proceeds were dividends to the Debtors and therefor property of the bankruptcy estate.  While the Court's Opinion made "no  judgment on the validity of the

4

(SEPH's) challenges (i.e., that SEPH held a security interest in the BP proceeds and/or the proceeds represented disbursements to the Debtors) to these payments to Mr. Welch," it found that "even if they (the challenges) failed they may have caused sufficient concern to induce him to avoid the challenges by keeping the payments secret." In other words, whether or not SEPH actually held a security interest in proceeds was not as important, at least as to this disgorgement action, as to whether Welch *believed* there was such a security interest. The Opinion notes that while the Bankruptcy Court "seems to have inferred that Mr. Welch's ... failure to disclose must have been inadvertent ... an alternative hypothesis is that he surely knew of his duty and must have had a very strong reason to keep the payments secret," and that SEPH's challenges to his payments, including their alleged security interest, might have provided Welch "a *motive* not to disclose." 970 F.3d at 1268 (emphasis added). Under the Tenth Circuit's mandate, this Court is obligated to consider the issue of SEPH's security interest in the Neverve BP Claim Proceeds only in the context of whether it was one possible motive for Welch not to have disclosed his fees. The Opinion made clear, as does this Court, that whether SEPH actually held a security interest is not dispositive of the ultimate question as to whether disgorgement should be ordered. The existence of a security interest, and the perfection thereof, is left for another day in possible litigation as to who should receive the disgorged fees if such are ordered.

### III. Discussion

#### A. Whether Partial Summary Judgment Is Appropriate to Resolve A Single Issue Not Determinative of a Party's Claim.

Welch has moved for partial summary judgment citing Fed.R.Civ.P. 56(a) which provides that summary judgment is appropriate when there is no genuine issue as to any

5

material fact, and the party is entitled to judgment as a matter law.  Rule 56(a) also includes express authority for judgment on less than the entire case – judgment for all "or part of each claim or defense," the Rule denominating such judgments and its title as a "Partial Summary Judgment."  While Welch has denominated his pleading as a motion for "Partial Summary Judgment," the relief he seeks is not a "judgment," but for the Court to "enter an order specifically finding that SEPH does not now, nor has it ever had a security interest in the Neverve BP Claims or BP Claim Proceeds."  Such relief merely seeks this Court to determine a fact (though really a question of law masquerading as a fact) which may be one, though certainly not the determinative one, bearing upon Welch's motive for non-disclosure of fees.  Given the Tenth Circuit's instruction to this Court that it should consider Welch's motive(s) for non-disclosure, including, but not limited to, Welch's knowledge of SEPH's possible security interest, this Court believes it inappropriate to consider whether the "fact" of SEPH's security interest can be determined prior to trial based upon the record before it.

More appropriate to the present case, is subdivision (g), added by amendments to Rule 56 in 2010, which contains authority for a court that fails to grant all requested relief to "enter an order stating any material fact ... that is not genuinely in dispute and treating the fact as established in the case."[5]  As noted in the Committee Note, this provision applies only after the court has applied the general summary judgment standard in

---

[5] Prior to the 2010 Amendments most courts held that in situations where there was asserted a single claim for relief (here disgorgement) partial summary judgment was inappropriate. See e.g., *E.I. duPont de Nemours & Co. V. Celanese Corp.*, 291 F.Supp. 428, 432 (S.D. N.Y. 1968); *Capitol Records, Inc. v. Progress Record Distributing, Inc.*, 105 F.R.D. 25, 28 (N.D. Ill. 1985) (holding that motion for partial summary judgment which sought judgment as to less than a single claim was improper).

subdivision (a) to each claim or defense on which a party moved. If the court determines that summary judgment is not warranted, then Rule 56(g) makes it appropriate to consider, short of summary "judgment," establishing undisputed material facts. In this sense, Rule 56 and its "newly revised rules permit a party to move for partial summary judgment" as an "issue-narrowing adjudication." *Servicios Especiales Al Comercio Exterior v. Johnson Controls, Inc.*, 791 F.Supp.2d 626, 632 (E.D. Wis. 2011); *In re SemCrude, L.P.,* 2012 WL 694505 (Bankr. D. Del. 2012) (granting partial summary judgment on issue of lien perfection but denying it as to other claims).[6] "Inasmuch as it narrows the scope of the

---

[6] *SemCrude* (quoting *Servicios Especiales*) stating that while it "concedes that the [u]se of the word 'judgment'...may be inaccurate given that the court's ruling is interlocutory in the context of partial summary judgment,' but the intent of [Rule 56] is clear"). 2012 WL 694505*3.

Welch has asserted in the District Court action brought against him that a favorable ruling by the Bankruptcy Court that SEPH does not hold a security interest will have preclusive effect in the Federal Court litigation. [*Amended Trial Brief*, Case No. 19-852, Doc. 129, pg. 17 of 67]. This is not true. "Even though an order under Rule 56(g) specifying and establishing facts not genuinely in dispute may be called a 'Partial Summary Judgment' under Rule 56, it is important to note that it is not treated as a final judgment for preclusion or appealability purposes. **** It also follows that an order issued pursuant to Rule 56(g) has no preclusive impact, since the trial court retains jurisdiction to modify the order at any time prior to the entry of a final judgment." 10B Wright, Miller & Kane, *Federal Practice and Procedure,* § 2737 (4th Ed. 2021 update); *Acha v. Beame,* 570 F.2d 57, 63 (2nd Cir. 1978); *Reams v. Tulsa Cable Television, Inc.*, 1979 OK 171, 604 P.2d 373, 375 n. 6 (Okla. 1979)(citing Wright & Miller); *Travelers Indemnity Co. v. Ericksons, Inc.*, 396 F.2d 134 (5th Cir.1968).

Whether the Court granted partial summary judgment under Rule 56(a) or (g) (which it doesn't), any determination would have no preclusive effect. Claims or issue preclusion bars the successive litigation of any issue of fact or law "once it has been determined by a valid and final judgment." *Ashe v. Swenson,* 397 U.S. 436, 443, 90 S.Ct. 1189 (1970). Only final judgments on the merits are entitled to preclusive effect; interlocutory orders are not entitled to preclusive effect. Under Rule 56(a), a court's grant of partial summary judgment is "interlocutory in nature" and is not a "valid and final judgment" to which the doctrines of claim or issue preclusion attach. *Anderson v. Seven Falls Co.*, 633 Fed.Appx. 691, 694 (10th Cir. 2015) (quoting *Poolaw v. Marcantel*, 565 F.3d 721, 728 (10th Cir. 2009)); *In re Olympic Mills Corp*.333 B.R. 540, 547 (1st Cir. BAP 2005) ("It is well settled that an order granting partial summary judgment is not a final judgment, order, or decree, absent 'some clear and unequivocal manifestation by the trial court of its belief that the decision made, so far as [the court] is concerned, is the end of the case.") (quoting *Goodwin v. United States*, 67 F.3d 149, 151 (8th Cir. 1995)).

trial, a Rule 56(g) order may be compared to a pretrial order under Rule 16." 10B Wright, Miller & Kane, *Federal Practice & Procedure,* § 2737(4th ed. 2021 update).  The question whether to exercise that Rule 56(g) authority is within the court's discretion.  Although the validity of SEPH's security interest will probably be an issue which has to be ultimately determined, at this stage of the disgorgement proceeding the Court finds that it need not establish the validity as a "legal fact."

> **B. As Instructed By The Tenth Circuit, This Court Should Conduct an Evidentiary Hearing Concerning All Aspects Of Welch's Receipt and Use of the BP Claim Proceeds, Including Their Source, Value, Amount and Welch's Motives For Non-Disclosure.**

Because the Tenth Circuit has instructed that motive for non-disclosure is an issue in this disgorgement action, whether or not SEPH actually held a security interest is not as important as to whether Welch *believed* the security interest existed and acted upon that belief in failing to disclose his fees.  If Welch believed that SEPH did not have a security interest in the Neverve BP Claim Proceeds, as he now contends, it would appear to the Court that such might be a factor into Welch's motive for both disclosure or non-disclosure of his fees.  For instance, if Welch believed there was no security interest, he should not have feared disclosure of the fees to SEPH as it would have no right to them.  That would seem to militate in favor of disclosure.  Additionally, if Welch believed that SEPH did not have a security interest, he might decide against making disclosure because it was none of SEPH's business as to what he did with the BP Claim Proceeds.  Conversely, if Welch believed that SEPH had a security interest in the proceeds that would certainly be a possible motive to not disclose their receipt.  Moreover, regardless of whether there was or was not a security interest in favor of SEPH, Welch's motive for non-

8

disclosure may also have been, as has been alleged in this case, that he was prohibited from disclosing the settlement of the BP Claims (and consequently his fees) due to the Confidentiality Order entered in the BP Multistate Litigation in the United States District Court for the Eastern District of Louisiana. Also, unconnected to the issue of SEPH's security interest, he may have also believed, though clearly mistakenly, that he had no obligation to make disclosure where payment of his fees was being made by a third-party.

Summary judgment is generally inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings or reactions. "As a general rule, questions involving a person's intent or other state of mind cannot be resolved by summary judgment." *In re Herrman,* 355 B.R. 287, 291 (Bankr. D. Kan. 2006) (citing *Prochaska v. Marcoux*, 632 F.2d 848, 851(10th Cir. 1980), *cert. denied* 451 U.S. 984, 101 S.Ct. 2316 (1981)); *Buell Cabinet Co., Inc. v. Sudduth*, 608 F.2d 431, 433 (10th Cir. 1979) ("Questions of intent involve many intangible factors, such as witness credibility, that are best left to the consideration of a fact finder after a full trial."); *Cross v. United States,* 336 F.2d 431, 433 (2nd Cir. 1964); *Empire Electronics Co. v. U.S.*, 311 F.2d 175, 180 (2nd Cir. 1962) (admonition against motions for summary judgment where questions deal with "motive, intent and subjective feelings and reactions"); *Nunes v. Rushton*, 299 F.Supp.3rd 1216, 1226 (D. Utah 2018) ("summary judgment is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions").

In the present case, there is conflicting evidence as to whether Welch, contrary to his assertion that there is no security interest, may at the time of receipt of the BP Claim Proceeds had reason to believe SEPH was asserting a security interest in the Neverve

9

proceeds and wanted to keep settlement of the BP Claim Proceeds from SEPH. For example, (1) in October 2015 Welch wrote the Trustee that "the BP claim that the estate has an interest in that is *not subject* to (SEPH's claim) is the claim of shimmering sands development company," there was no mention of Neverve's BP Claim being unencumbered [Doc. 858-2]; and (2) on June 6, 2016, immediately before the dispersal of the BP Claim Proceeds, in referencing Neverve's taxes, Stewart emailed Neverve's accountant and Welch that "I'm pretty certain we kept the LLC current in Florida due to outstanding opt out BP claims which SEPH will get." [Doc. 858-4].

While the Court will hear evidence as to possible "motives" for non-disclosure, Welch's *Motion for Partial Summary Judgment* based on whether or not SEPH held a security interest in the Neverve proceeds misses the mark as to what is really at issue in this disgorgement proceeding. It is not just about whether SEPH had a security interest and whether Welch attempted to hide the payment of his fees from SEPH. It is about hiding, or at least not disclosing, the payment of his fees from the *Court* in violation of the Bankruptcy Code and Rules. There was a duty of full disclosure to the Court regardless of any security interest in the BP Claim Proceeds.

Therefore, whether SEPH actually held a valid security interest in the Neverve BP Proceeds is not presently before the Court for determination.[7] However, Welch's belief that

---

[7] That issue is one of many issues squarely before United States District Court for the Western District of Oklahoma in litigation between SEPH and Welch. *SE Property Holdings, LLC, Plaintiff v. Ruston C. Welch, Welch Law Firm, P.C., Defendants,* Case No. 19-852. In that litigation is a Claim for Relief by SEPH that Welch converted the Neverve BP Proceeds in which SEPH held a security interest.

As noted by the Tenth Circuit, the issue of whether SEPH actually held a security interest might be determinative of any future litigation relative to whether SEPH, the bankruptcy estate or Neverve would be entitled to the funds *if further disgorgement was ordered*. (emphasis added). In

10

such a security interest existed is one fact to be considered, but it is by no means determinative of Welch's failure to make proper disclosure of his fees.[8]  Accordingly,

**IT IS ORDERED** that *Ruston C. Welch's Motion for Partial Summary Judgment in the Disgorgement Action* [Doc. 805] is hereby **DENIED.**

# # #

---

the Court's language, "[t]here may be no further disgorgement; or it could be determined that all the funds paid to Mr. Welch are property of the estate or subject to liens of creditors." 970 F.3d at 1269 n. 3.  If further disgorgement is ordered this Court would have to determine to whom those funds would be given.

The issue would also be before this Court in another context if further disgorgement is ordered, and the BP Claim Proceeds are determined to be property of the bankruptcy estate. This Court would be required to determine the validity of SEPH's alleged security interest in conjunction with the Court's *Opinion and Order on Motion to Compromise* [Doc.710] which is currently subject to SEPH's Motion to Vacate. [Doc. 874]. *See*, Order of the United State District Court remanding on appeal this Court's Compromise Order pending the outcome of the disgorgement proceedings. *SE Property Holdings, Inc. v. Stewart,*  Case No. CV 19-727-JD (W.D. Okla. 2020)[Doc. 60].

[8] This Court disagrees with Welch's contention in one of his pleadings that the Tenth Circuit Opinion "shows that the security interest and its enforceability is at the heart of the concern the Tenth Circuit expresses." [Doc 846, pg. 4].  It may well be "at the heart" of future litigation as to who is entitled to the funds if further disgorgement is ordered, but it is certainly not at the heart of the determination of disgorgement.