**Dated: September 3, 2021**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

In re:                                    )
                                          )
David A. Stewart,                         )        Case No. 15-12215-JDL
Terry P. Stewart                          )        Ch. 7
                                          )        Jointly Administered
                        Debtors.          )

### ORDER GRANTING IN PART AND DENYING IN PART MOTION IN LIMINE TO STRIKE WITNESS

This matter is set for trial on September 22, 2021, on the motion of SE Property

Holdings, LLC's ("SEPH") seeking Debtors' former counsel, Ruston C. Welch and his law

firm (collectively and individually, "Welch"), to disgorge approximately $350,000 in fees paid

to him in these bankruptcy proceedings.[1]  SEPH has moved to have this Court exclude

---

[1] *SE Property Holdings, LLC's Motion for Disgorgement of Compensation Paid to Welch Law Firm, P.C., Denial of Unpaid Compensation, and Reimbursement of Property of the Estate Transferred to Third Parties, Pursuant to 11 U.S.C. § 329(a) and Fed. R. Bankr. P. 2016, 2017, 9014,* filed on October 20, 2017 [Doc. 765].

Disgorgement was sought by SEPH by virtue of Welch not having made proper disclosure of his fees as required by 11 U.S.C. §§ 329 and 330 and Fed.R.Bankr.P. 2016 and 2017.  In April

from testifying at trial a witness, Bart Boren ("Boren"), who Welch failed to name in its Initial Disclosures but has timely listed in his Final List of Witnesses.  As an alternative to striking Boren as a witness, SEPH requests the Court to strike Boren as an expert witness.  Welch has responded asserting that Welch fully complied with Local Rule 7016-1 in making his initial disclosures and did not untimely or unjustifiably fail to disclose Boren as a witness.

Before the Court for consideration are *Creditor SE Property Holdings, LLC'S Motion in Limine to Strike Bart Boren as a Witness and to Exclude His Testimony* [Doc. 895] and the *Welch Parties' Response to SEPH'S Motion in Limine to Strike Bart Boren as a Witness* [Doc. 896].

## Background

Pursuant to the Court's *Scheduling Order* entered on October 15, 2020, the parties were required to complete all initial disclosures required by Local Rule 7016(b) and Fed. R.Bankr.P. 7026 by November 4, 2021 [Doc. 772].[2]  Both SEPH [Doc. 895-2] and Welch [Doc.895-1] exchanged their Initial Disclosures within the deadline required by the *Scheduling Order*.  Both parties reserved the right to supplement and/or modify the Initial Disclosures as discovery proceeded.  The subject of the issue before the Court is witness Boren who is counsel for Kirkpatrick Bank ("Kirkpatrick"), a secured creditor of the Debtors.

---

2018, this Court ordered Welch to disgorge $25,000 of his fee for his non-disclosure. SEPH appealed the Court's decision. The Bankruptcy Appellate Panel affirmed the Bankruptcy Court, but the 10th Circuit Court of Appeals reversed and remanded the case back to this Court for further evidentiary hearing. *SE Property Holdings, LLC v. Stewart (In re Stewart)*, 970 F.3d 1255 (10th Cir. 2020).

[2] The Court subsequently entered an *Amended Scheduling Order* and a *Second Amended Scheduling Order* [Docs. 827 and 869]. While those Amended Scheduling Orders changed various deadlines with regard to discovery etc., they did not alter the initial disclosure deadline of November 4, 2020.

Welch's Initial Disclosures listed as a witness a "Representative of Kirkpatrick Bank c/o Bart Boren."  It did not list Boren as a witness.

While the Court's original *Scheduling Order* had set March 26, 2021, as the deadline for the parties to file their Final Witness & Exhibit Lists, the deadline was extended several times to permit additional discovery.  The final deadline set under the *Second Amended Scheduling Order* was August 16, 2021 [Doc. 869].  Both Welch and SEPH Welch timely filed their Final Witness and Exhibits Lists on that date [Docs. 891 and 892, respectively]. In his Final Witness and Exhibit List, Welch for the first time disclosed Boren as a witness. Welch stated that the nature of Boren's testimony sought to be elicited included:

1. Representation by Welch of the Debtors and related entities;
2. Dealings with Welch;
3. Administration, progression, efforts and results of bankruptcy case;
4. Dealings with SEPH and Trustee;
5. Timing and lack of the assertion of security interest in BP proceeds;
6. General matters concerning settlement and mitigating factors.

In accordance with the Court's *Second Amended Scheduling Order*, SEPH has timely filed its Motion in Limine to bar Boren from testifying on the basis that Welch did not disclose him as a witness in his Initial Disclosures and did not supplement his disclosures under Fed.R.Civ.P. 26(e) to identify him as such.  SEPH alternatively requests that if the Court finds that Boren should be permitted to testify, he should not be permitted to do so as an expert witness.

## Discussion

Rule 26(a)(1)(A)(i) of the Fed.R.Civ.P., made applicable to bankruptcy proceedings by Rule 7026 of the Fed.R.Bankr.P., requires the parties, without awaiting a discovery request, provide to the other parties "the name...of each individual likely to have

discoverable information–along with the subjects of that information–that the disclosing party may use to support its claims or defenses...".  Local Rule 7026-1 of the United States Bankruptcy Court for the Western District of Oklahoma states that "Local Rule 7016-1 shall be applied in lieu of Fed.R.Civ.P. 26(a)(1), (a)(4) and (f)."  Thus, the detailed "initial disclosures" required under Rule 26(a) are not applicable.  Instead, Local Rule 7016-1(B) provides that "[p]rior to any conference, trial counsel for each of the parties must confer and exchange all then known exhibits and other material which may be offered in evidence, and a list of all then known witnesses."  The timeliness of those initial disclosures in this Court are therefore governed by the Court's *Scheduling Order* which stated that the "deadline to complete all disclosures required by Local Rule 7016-1(B) and Rule 7026 was November 4, 2020.  It is not disputed by Welch that he did not disclose Boren as a witness by that deadline.

SEPH acknowledges that the requirements for initial disclosures under this Court's Local Rules are less stringent than Fed.R.Civ.P. 26(a) and "that a party's disclosure of a witness for the first time in the final witness list could be timely under the Local Rules, given the distinction." (Citing this Court's opinion in *Tobias V. Alvarado (In Re Alvarado)*, 2019 WL 1216444 (Bankr. W.D. Okla. 2019).  SEPH contends that since Welch appeared to rely upon Fed.R.Civ.P. 26(a), not the Local Rules, the Court should apply the more detailed, stringent standard.  The Court disagrees.  The Court will apply the applicable Local Rules, not those which the parties may choose to follow.  In that regard, there is no dispute that initial disclosures were timely made.  What then is the parties' duty to supplement disclosures?

Rule 26(e) governs the supplementation of disclosures and discovery responses.

4

It requires a party to "supplement or correct its disclosure...in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing; or as ordered by the court." Rule 26(e)(1)(A)-(B). "Consistent with the objective of facilitating trial preparation, Rule 26 requires a party to supplement its mandatory disclosures 'at appropriate intervals' if that party 'learns that in some material respect the information disclosed is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing.'" *Sender v. Mann*, 225 F.R.D. 645, 653 (D. Colo. 2004); See Fed.R.Civ.P. 26(e)(1); *Macauley v. Anas*, 321 F.3d 45, 50 (1st Cir. 2003) (once a mandatory disclosure is provided, it must be kept current).

The sanction for failing to provide information or to identify a witness as required by Rule 26(a) or (e) is set forth in Rule 37(c)(1) which provides:

> "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. ... ."

"The burden of establishing substantial justification and harmlessness is upon the party who is claimed to have failed to make the required disclosure" under Rule 37(c)(1). *Nguyen v. IBP, Inc.*, 162 F.R.D. 675, 680 (D. Kan.1995).

The determination of whether a Rule 26 violation is justified or harmless is entrusted to the broad discretion of the court. *Woodworker's Supply, Inc. v. Principal Mutual Life Ins. Co.,* 170 F.3d 985, 993 (10th Cir. 1999); *Marshall v. Ford Motor Co.*, 446 F.2d 712, 713

(10th Cir. 1971) (In addressing Rule 37 generally, the Tenth Circuit has made clear that "[t]he protections and sanctions found in the discovery rules are not absolute and contemplate the use of judicial discretion."); *Nutritional Biomimetics, LLC v. Empirical Labs Inc.*, 2018 WL 6818748 *4 (D. Colo. 2018).

Although the court "need not make explicit findings concerning the existence of a substantial justification or the harmlessness of a failure to disclose," *Woodworker's Supply*, 170 F.3d at 993, in the Tenth Circuit courts should be guided by the following factors in determining whether a violation is justified or harmless: (1) the prejudice or surprise to the party against whom the testimony is offered; (2) the ability of the party to cure the prejudice; (3) the extent to which introducing such testimony would disrupt the trial; and (4) the moving party's bad faith or willfulness." *Id.; Gutierrez v. Hackett*, 131 Fed.Appx. 621, 625-26 (10th Cir. 2005) (applying the *Woodworker's Supply* factors)*; Scottsdale Ins. Co. v. Deere & Co.*, 115 F.Supp.3d 1298, 1305 (D. Kan. 2015); *Tobias v. Alvarado (In re Alvarado)*, 2019 WL 1216444 (Bankr. W.D. Okla. 2019).

Even where proper disclosure has not occurred, "[e]xclusion of evidence is a severe sanction because it implicates due process concerns.*" In re Independent Service Organizations Antitrust Litigation* 168 F.R.D. 651, 653 (D. Kan. 1996); *Cal Dive International, Inc. v. M/V TZIMIN,* 127 F.R.D. 213, 215 (S.D. Ala. 1989) ("denial of a right to introduce evidence is a sanction which should be imposed with the greatest circumspection, suggesting as always the desirability of limiting the sanction to the least destructive forms."). Such sanction is generally "inappropriate unless the failure to disclose or supplement is in bad faith or the resultant prejudice to the opposing party cannot be

6

cured." *Fitz, Inc. v. Ralph Wilson Plastics Co.*, 184 F.R.D. 532, 536 (D. N.J. 1999).  With these guiding principles in mind, the Court turns to the substance of SEPH's Motion.

The Court finds that the inclusion of Boren as a witness does not result in any undue prejudice to SEPH and is not an "ambush" or an act of bad faith on the part of Welch.  Boren is not by any means a "surprise" witness.  His client, Kirkpatrick Bank, has been in an adversarial position with SEPH throughout the six years of this bankruptcy case. SEPH brought an adversary proceeding against Kirkpatrick seeking to subordinate its claim in this bankruptcy for alleged misdeeds [Adv. No. 17-1051].  It sought a turnover action against Kirkpatrick for allegedly conspiring with the Debtors to violate the Court's Preliminary Injunction Order of January 7, 2016, without consulting the Trustee or other creditors secretly taking a security interest in the previously unencumbered BP Claim Proceeds of Debtor's affiliate, Shimmering Sands Development Co.; suing and taking a consent judgment against Raven Resources and David Stewart; securing the judgment by a judgment lien, thus secretly empowering a transfer of David Stewart's interest in Shimmering Sands to Kirkpatrick without Trustee approval. [*Motion to Approve SEPH'S Pursuit of Turnover Adversary Proceeding,* Doc. 615].

It is well documented, and so stated in SEPH's Motion for Turnover, that it was Boren, as Kirkpatrick's counsel, that prepared the Shimmering Sands loan/security agreement documents, the pleadings for the consent judgment and was Welch's primary contact in those transactions.  Numerous emails between and amongst Boren, Welch and others documenting those transactions involving Boren have been produced in discovery.

7

SEPH has listed several of those emails in its own *Witness and Exhibit List*. [Doc. 892].[3] Similarly, numerous telephone conversations between Boren and Welch are reflected in Welch's time records which are already part of the record and which SEPH as listed in its Witness and Exhibit List.[4] Furthermore, discovery was extended several times, the last date being June 14, 2021, to afford SEPH to take the deposition of a representative of Kirkpatrick. It chose not to do so. Under the circumstances, the Court finds that SEPH would not suffer any prejudice by Boren's trial testimony sufficient to exclude him as a witness.

The Court does not believe, as contended by SEPH, that permitting Boren to testify "will disrupt the trial because SEPH's ability to cross-examine Mr. Boren is greatly curtailed by the lack of discovery taken as to him." It is highly unlikely that Boren's testimony would be outside the scope of which SEPH is already aware; however, as discussed below, the Court will place certain limitations on his testimony.

In addition to the question of prejudice, the Court must consider whether Welch's inclusion of Boren on its witness list at this time is evidence of bad faith. Welch asserts that he did not become aware Boren's possible testimony on his behalf until after Welch had deposed SEPH's designated Rule 30(b)(6) representative on March 29, 2021. It was at that time Welch became aware that SEPH was asserting a security interest in the BP Claim Proceeds of Shimmering Sands giving rise to the possible claim of a competing security interest with that of Kirkpatrick which it had taken under Boren's supervision in

---

[3] See e.g. Exhibits Nos. 102, 103, 104, 105, 127, 134, 163, 164, 236, 237, 253, 254, 260.

[4] See e.g. Exhibits Nos. 41-43.

early 2016.  Until that time (the taking of SEPH's representative's testimony), Welch and Kirkpatrick claimed to have only been aware of SEPH's assertion of a security interest in the BP Claim Proceeds of Neverve, to which Kirkpatrick had never asserted a security interest.  The Court finds that there was no bad faith on the part of Welch listing Boren as a witness for the first time in his Final List of Witnesses and Exhibits.

If the Court permits Boren to testify, as it already has for the reasons stated above, SEPH asks that his testimony be only as a fact, and not an expert, witness.  The Court agrees.  It is well established that expert witnesses are not permitted to testify about legal standards, conclusions of law or give an opinion on ultimate issues of law. *Specht v. Jensen,* 853 F.2d 805, 807 (10th Cir. (1988); *United States v. Richter*, 796 F.3d 1173,1195 (10th Cir. 2015) (Expert witnesses may testify about ultimate issues of fact, but an expert may not state legal conclusions drawn by applying the law to the facts.).  Nor may an expert opine on questions that are matters of law for the court.  *Berman v. Freedom Financial Network, LLC*, 400 F.Supp.3d 964, 971 (N.D. Cal. 2019); *Nationwide Transport Finance v. Cass Information Systems, Inc*., 523 F.3d 1051, 1058 (9th Cir. 2008) (deciding questions of law is the exclusive province of the trial judge); *Lippe v. Howard,* 287 F. Supp.3d 1271, 1285 (W.D. Okla. 2018).  Anticipating SEPH's probable concern with Boren's testimony, the Court is not going to permit Boren to testify as an expert witness as to whether as an ultimate matter of law to be applied by the Court that SEPH did or did not have a valid security interest in either the Neverve or Shimmering Sands BP Claim Proceeds.  As the parties are well aware from the Court's prior rulings, that is going to be a matter reserved for decision by the Court, if necessary, at a later time.

9

For the reasons stated above,

**IT IS ORDERED** that SEPH's *Motion in Limine to Strike Bart Boren as a Witness and to Exclude His Testimony* [Doc. 895] insofar as it attempts to strike him as a witness on behalf of Welch is hereby **Denied.**

**IT IS FURTHER ORDERED** that SEPH's Motion to the extent that Boren not be permitted to testify as an expert witness is **Granted.**

# # #