**Dated: July 27, 2026**

**The following is ORDERED:**



Janice D. Loyd
U.S. Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| David A. Stewart, | ) | Case No. 15-12215-JDL |
| Terry P. Stewart | ) | Ch. 7 |
| | ) | Jointly Administered |
| Debtors. | ) | |

**OPINION ON REMAND FROM THE DISTRICT COURT**

**I. Introduction**

Before the Court is the order from the United States District Court for the Western

District of Oklahoma ("District Court"), sitting in its appellate capacity, remanding to this

Court to determine one discrete issue necessary for the District Court to rule upon the

appeal before it. To understand the issue presently before the Court, it is necessary to

consider two separate, but independent, matters this Court previously decided: (1) the

issue of the disgorgement of the fees paid to the Debtors' bankruptcy counsel and (2) the

issue of the Trustee and the Debtors' motion to compromise controversy. Both of these

matters were decided by this Court and separately appealed by Creditor, SE Properties

Holdings, LLC ("SEPH"). First, the Court's order of disgorgement of Debtors' attorney's fees was affirmed by the United States Bankruptcy Appellate Panel for the Tenth Circuit ("BAP"), but reversed and remanded to this Court by the Tenth Circuit Court of Appeals ("Tenth Circuit"), for an evidentiary hearing. In accordance with the Tenth Circuit's instructions, this Court conducted an evidentiary hearing on the disgorgement of Debtors' attorney's fees. Second, on SEPH's appeal to the District Court, this Court's order approving the compromise of controversy was remanded back to this Court to consider the effect, if any, of the outcome of the evidentiary hearing on disgorgement of the attorney's fees conducted in accordance with the instructions of the Tenth Circuit. This opinion constitutes the Court's response to the question posed to it by the District Court. The Court will address, in order, its ruling on the disgorgement and its effect on the motion to compromise.

### A. The Disgorgement of Debtors' Attorney Fees.

For more than two years after being retained by the Debtors in the spring of 2015 to represent them in this bankruptcy case, numerous adversary proceedings associated with it, as well as representing numerous affiliates owned or operated by Debtors' counsel, Ruston C. Welch ("Welch") failed to disclose the amount, source or agreement for the payment of any attorney fees to him as required by 11 U.S.C. § 329 and Rule 2016 of the Federal Rules of Bankruptcy Procedure.[1]  It was not until an *in camera* hearing on August 30, 2017, when the Court ordered him to do so, that Welch revealed that he had been paid

---

[1] All further references to "Code", "Section", and "§" are to the United States Bankruptcy Code, Title 11 U.S.C. § 101 *et seq*., unless otherwise indicated.  All future references to "Rule" or "Rules" are to the Federal Rules of Bankruptcy Procedure, unless otherwise indicated.

$348,404.41 in fees and expenses for the bankruptcy case and related adversaries. The source of all of these payments was proceeds of the settlement of tort claims by several of Debtors' affiliates against British Petroleum ("BP") arising out of the April 2010 Deepwater Horizon oil spill in the Gulf of Mexico.

In 2017 SEPH moved the Court to order Welch to disgorge approximately $350,000.00 in attorney fees which he had been paid for his bankruptcy services as of September 1, 2017, as well as any future fees he would be paid in the case. In April 2018, this Court, based upon the parties' extensive briefs addressing the disgorgement issue, but without conducting an evidentiary hearing, ordered Welch to disgorge $25,000.00 of his fee.[2] SEPH appealed the Court's decision, and the BAP affirmed this Court's order.[3] The Tenth Circuit reversed and remanded the case back to this Court for an evidentiary hearing consistent with its ruling.[4]

In reversing this Court's disgorgement ruling, the Tenth Circuit found that the presumptive or "default" position for failure of an attorney to make proper disclosure under § 329 and Rule 2016 was disgorgement of *all* fees paid to the attorney unless there were "sound reasons supported by solid evidence" in mitigation of total disgorgement. *In re Stewart*, 970 F.3d 1255, 1268 (10th Cir. 2020) (Emphasis added). The Tenth Circuit found that the Bankruptcy Court had not heard such "solid evidence," "[m]ost importantly,

---

[2] *In re Stewart,* 583 B.R. 775 (Bankr. W.D. Okla. 2018).

[3] *SE Property Holdings, LLC v. Stewart et al. (In re Stewart)*, 600 B.R. 425 (10th Cir. BAP 2019).

[4] *SE Property Holdings, LLC  v. Stewart et al. (In re Stewart)*, 970 F.3d 1255 (10th Cir. 2020).

3

however, the bankruptcy court failed to examine the source of the payments to Mr. Welch **** [and] [w]e would therefore expect the court to examine those payments before deciding not to require complete disgorgement." *Id.* The Tenth Circuit instructed that upon remand this Court should, upon an evidentiary basis, closely examine all payments to Welch, including the amount, *source* and value of the same to determine the appropriate amount of disgorgement. Lastly, the Tenth Circuit instructed this Court to consider whether SEPH's claim of a security interest in the BP settlement proceeds might have been a motive for Welch to conceal the payment of his fees from those proceeds from SEPH and/or the Bankruptcy Court.

In accordance with the mandate and instructions of the Tenth Circuit, and after allowing the parties several months of discovery on the issue, the Court conducted a three day evidentiary hearing (comprising approximately 700 pages of transcript) upon SEPH's motion to have Welch disgorge all his attorney's fees. On May 27, 2025, the Court entered its *Opinion and Order on Disgorgement of Attorney Fees* [Doc. 1019].[5] The Court ordered Welch and/or his law firm to disgorge $280,897. At the heart of the matter currently before the Court, the Court ordered that the disgorged funds not be paid to the bankruptcy estate but to Neverve LLC whose funds from the BP settlement had been used to pay Welch's attorney fees. The Court further ordered that the $25,000 previously disgorged and paid to the Trustee be paid to Neverve LLC. The order of disgorgement of attorney fees has not been appealed.

**B. The Order Approving Compromise of Controversy Under Rule 9019**.

---

[5] *In re Stewart,* 2025 WL 1507976 (Bankr. W.D. Okla. 2025).

4

In 2017 the Trustee and the Debtors reached an agreement for settlement of pending adversary proceedings for fraudulent transfer, equitable subordination (against Kirkpatrick Bank) and for substantive consolidation of numerous non-debtor affiliates of the Debtors. The settlement provided for the Trustee on behalf of the Debtor estates to release the Debtors and their agents, servants, employees, representatives (excluding attorneys), family members, affiliates, and lenders from any and all claims, exclusive of any claim by SEPH objecting to the Debtors' discharge or the dischargeability of their debt to SEPH. The settlement provided for the payment of $750,000 to the Trustee and the Debtor estates. The source of the $750,000 was Kirkpatrick Bank. The Trustee and the Debtors, with the support of Kirkpatrick Bank, sought approval of the settlement agreement pursuant to Rule 9019.

The Debtors' two largest creditors were SEPH holding a claim of between $20 to $30 million, and Kirkpatrick Bank holding a claim in excess of $12 million. SEPH objected to the proposed compromise. No other creditor or party in interest filed an objection to the proposed settlement.

In summary, the Trustee and the Debtors argued that the proposed settlement should be approved because it was supported by sound business judgment, was reasonable and met the criteria for approval of motions to compromise under applicable Tenth Circuit law. They also argued that litigation of the fraudulent transfer, substantive consolidation and equitable subordination claims would be complex, highly contested, extremely expensive and, with the exception of the fraudulent transfer claim, would likely be unsuccessful. Furthermore, they posited that even if successful litigation would not result in any recovery for the estates given the absence of equity in both the Debtors'

5

property and the property of the non-debtor entities sought to be consolidated.

For its objection to the proposed compromise, SEPH argued that the bankruptcy estates had very strong causes of action against non-debtor entities affiliated with the Debtors for both substantive consolidation and fraudulent transfer and a strong case for its equitable subordination claim against Kirkpatrick Bank. SEPH further argued that the probable outcome of the litigation outweighed the expense; that the $750,000 settlement was coming only from Kirkpatrick Bank from the sale of one oil and gas property owned by non-debtor affiliate Raven Resources, LLC ("Raven"); and that Debtors, family members, affiliates and Kirkpatrick Bank were receiving releases from all liability without having parted with any consideration.

Seeking to determine whether three of four pending adversaries should be settled and numerous non-debtor parties released from possible liability, the Court conducted an unprecedented fourteen (14) days of hearings consuming more than 2,700 pages of trial transcript,[6] reviewed hundreds of exhibits consisting of thousands of pages, and heard live testimony of seven witnesses (plus four more by deposition) to decide if it should approve the Debtors' and the Trustee's joint motion to compromise.

In the thirty-six page *Opinion and Order on Motion to Compromise* entered on July 19, 2019 [Doc. 710],[7] the Court, applying Tenth Circuit law as to whether a settlement or compromise under Rule 9019 should be approved as being in the best interest of the estate, applied the four requisite factors: (1) the probable success of the underlying

---

[6] Hearings conducted on August 28-31, September 1, October 2, and December 20-22, 2017, January 10-12, and February 26-27, 2018.

[7] *In re Stewart,* 603 B.R. 138 (Bankr. W.D. Okla. 2019).

litigation on the merits, (2) the possible difficulty in collection of a judgment, (3) the complexity and expense of litigation, and (4) the interests of creditors in deference to their reasonable views. *In re Kopexa Realty Venture Co.,* 213 B.R. 1020, 1022 (10th Cir. BAP 1997); *In re Southern Medical Arts Laboratories*, 343 B.R. 250 (10th Cir. BAP 2006); *In re Rotert*, 530 B.R. 791, 798 (Bankr. N.D. Okla. 2015).

On August 1, 2019, SEPH appealed the decision on the motion to compromise to the District Court [Doc. 718]. On August 28, 2020, following the opinion of the Tenth Circuit on the issue of disgorgement, but prior to this Court's conducting the ordered evidentiary hearing on disgorgement, the District Court, *sua sponte*, ordered briefing on the impact of the Tenth Circuit's ruling on the District Court's consideration of the appeal on the motion to compromise. On December 3, 2020, the District Court entered its opinion and order remanding the case back to the Bankruptcy Court for "further proceedings consistent with its order and the decision by the Court of Appeals, in *In re Stewart*, 970 F.3d 1255 (10th Cir. 2020)," which had reversed and remanded the Bankruptcy Court's order for Debtor's counsel, Rusty Welch, to disgorge $25,000 of the attorney's fees which he had received.[8] In its order remanding the case back to the Bankruptcy Court, the District Court only addressed the effect that the disgorgement of attorney's fees might have had on the compromise. The District Court did not address whether this Court's approval of the compromise met the criteria for approval of compromises under Rule 9019 as set forth in the Tenth Circuit in *Kopexa.*

---

[8] *In re Stewart,* 2020 WL 12772098(W.D. Okla. 2020).

**C. Per the Instructions of the District Court, What Effect Did the Bankruptcy Court's Ordering Disgorgement of $280,897 In Attorney Fees Have Upon the Order Approving Compromise Of Controversy.**

It is clear that the District Court's order remanding this matter did not find that any increase in the amount of disgorgement following the Tenth Circuit's reversal would *necessarily* affect approval of the compromise of controversy. The District Court stated:

> [I]t does not necessarily follow that a flaw in the Disgorgement Order mandates reversal of the Compromise Order. It is certainly possible that the bankruptcy court erred regarding the amount to be disgorged (resulting in reversal and remand in the Tenth Circuit Opinion), but did not commit reversible error in the Compromise Order (as Kirkpatrick Bank and Stewarts argue in [Doc. No. 55, Part "VI"]). This is merely a point in favor of remand—giving the bankruptcy court the opportunity to analyze a compromise after resolving the issues that are now unresolved after remand as a result of the Tenth Circuit Opinion. *See Lulay Law Offices*, 579 B.R. at 835 (remand is appropriate where unresolved issues "may require supplementing the record or making revised findings by the bankruptcy court. . . .").
>
> \*\*\* But without answers to the predominating questions—how much will be disgorged and where those funds will go—this Court cannot determine with "certainty" that the answers to those questions will have no impact on the Compromise Order. That is for the bankruptcy court to say in the first instance. See *In re Woerner*, 783 F.3d 266, 277 (5th Cir. 2015) (quotation omitted) ("we cannot say with certainty that there is no reasonable possibility that the outcome would be different" when applying new rule, and therefore remand was appropriate). This is particularly appropriate where the total amount of the disputed fees, which are at serious risk of being *fully* disgorged, constitutes approximately 50% or more of the settlement amount at issue in the Compromise Order.
>
> The outcome might be that the funds are returned to their sources, as Kirkpatrick Bank and Stewarts contend. [*See generally* Doc. No. 55]. Or the bankruptcy court might order Mr. Welch to pay the funds to "the Chapter 7 Panel Trustee, Douglas Gould, for the benefit of this bankruptcy estate," as it

did in its initial order disgorging $25,000 in fees. *See Disgorgement Order*, 583 B.R. at 787. The bankruptcy court could order some combination of the above options or might order something else entirely. It is not the role of this Court to conclude, surmise, or speculate regarding the outcome of the unresolved issues.[9]

The District Court summarized the parties' respective positions: (1) SEPH – if the disgorged funds are property of the bankruptcy estate and are not encumbered by a security interest,[10] then the bankruptcy court committed error in the Compromise Order; (2) Kirkpatrick Bank and the Stewarts – if the disgorged funds are not property of the bankruptcy estate then the bankruptcy court *did not* commit error in the compromise. Upon remand, this Court answered that question: the disgorged funds are not property of the estate. As this Court noted in its disgorgement order following the evidentiary hearing mandated by the Tenth Circuit:

> The court is ordering the disgorgement of any funds to Neverve because it was Neverve's funds that were the source of Welch's bankruptcy fees. What little authority the Court has found, suggests it is the party who made the payments to the attorney that is entitled to receive the disgorgement. *Cf.*, *In re BOH! Ristorante, Inc.*, 99 B.R. 971, 973 (9th Cir. BAP 1989) ("fees paid by a third-party to a professional employed by a debtor-in-possession may be *recovered by the third-party* under § 329, if such fees would not be allowable under § 330 even if the professional had made a timely application for authorization to be employed"); *In re Mayeaux,* 269 B.R. 614,

---

[9] *In re Stewart,* 2020 WL 12772098, at * 3 (W.D. Okla. 2020).

[10] The issue as to whether SEPH held a security interest in proceeds of the BP settlement received by Neverve was at issue in Welch's personal and law firm bankruptcies pending before Judge Sarah Hall and has been resolved in the *Order Partially Granting and Partially Denying Ruston C. Welch's Motion for Partial Summary Judgment* entered July 17, 2026, finding that "SEPH does not have a security interest under the UCC in the Neverve Proceeds." *In re Welch*, Case No. 21-12416  [Doc. 69] (Bankr. W.D. Okla. 2021); *In re Welch Law Firm, P.C.*, Case No. 21-12415 (Bankr. W.D. Okla 2021).

622 (Bankr. E.D. Tex. 2001) (["F]ailure of counsel to obey the mandate of § 329 and Rule 2016 concerning disclosure, and by implication review by the Court, is a basis for entry of an order denying compensation and requiring *the return* of sums already paid."). SEPH has requested that any funds ordered to be disgorged should be paid to the Chapter 7 Trustee. The Court understands SEPH's concern that the disgorged funds not be paid to Neverve as Mr. Stewart is the member/manager in control of that entity. The problem with paying any disgorged funds to the Trustee is that regardless of whether SEPH is a secured creditor of Neverve (by way of a judgment lien or a security interest) or an unsecured creditor, the Trustee has already testified that there is no equity in Neverve which could enure to the Stewart bankruptcy estate. [Tr. pgs. 600 and 625 ("[M]y attitude about the Neverve BP proceeds were that not a penny of it is ever going to go to my estate ... ")]. The Court cannot impose upon the Trustee responsibility for money which he has indicated does not belong to the bankruptcy estate. If any disgorged funds are ever to be actually paid to Neverve there are legal mechanisms by which SEPH can assert or protect any rights which it might have to the funds.[11]

The $280,897 funds ordered disgorged, if ever paid, belong to non-debtor Neverve, LLC which had guaranteed payment of Welch's attorney fees and whose share of the BP settlement proceeds Welch used to pay himself. The disgorged funds are not part of property of the bankruptcy estate; accordingly, this Court's disgorgement order does not impact or require reconsideration of the order compromising controversy before the District Court.

**#   #   #**

---

[11] *Stewart*, 2025 WL 1507976, at * 26, fn. 43.